ERIE COUNTY WATER AUTHORITY, Respondent, *v.* WESTERN NEW YORK WATER COMPANY et al., Appellants, et al., Defendants.

Argued April 9, 1952; decided July 15, 1952.

*Reid S. Moule* and *Milton S. Gould* for appellants. I. The Erie County Court had authority to rule on the propriety of Olmsted's appearance before it. (*Brown* v. *Miller,* 286 F. 994; *Porter* v. *Huber,* 68 F. Supp. 132; *Watson* v. *Watson,* 171 Misc. 175; *Packer* v. *Rappoport,* 88 N. Y. S. 2d 118; *People ex rel. Karlin* v. *Culkin,* 248 N. Y. 465; *Matter of Ropiecki,* 246 App. Div. 80; *Matter of H——,* 87 N. Y. 521; *Leviten* v. *Sandbank,* 291 N. Y. 352.) II. Olmsted's appearance is a violation of Canon 36 of the Canons of Professional Ethics. (*Porter* v. *Huber,* 68 F. Supp. 132.) III. Olmsted's appearance is in violation of section 15 of the Public Service Law.

*Laurence J. Olmsted* and *Melvin L. Bong* for respondent. I. The right and power to regulate the practice of law is vested in the Legislature, and only to the extent that such power has been delegated to the courts do the courts have the right to act. (*People ex rel. Karlin* v. *Culkin,* 248 N. Y. 465; *Matter of Bercu,* 188 Misc. 406; *Matter of Donegan,* 282 N. Y. 285; *Matter of Ellis,* 258 App. Div. 558, 282 N. Y. 435; *Matter of Tuck,* 180 App. Div. 924; *Matter of Branch,* 178 App. Div. 585; *Post* v. *Louis,* 184 App. Div. 533; *Dollard* v. *Koronsky,* 67 Misc. 90, 138 App. Div. 213, 199 N. Y. 558; *People ex rel. Munsell* v. *Court of Oyer & Terminer,* 101 N. Y. 245; *King* v. *Barnes,* 113 N. Y.

476; *People ex rel. Platt* v. *Rice,* 144 N. Y. 249; *Johnson* v. *Ackerman,* 192 App. Div. 890; *Goldie* v. *Goldie,* 77 App. Div. 12; *Landry* v. *Landry,* 215 App. Div. 316; *West Hudson Co. Trust Co.* v. *Waldron,* 119 App. Div. 294.) II. The power of the court to inquire, upon its own motion, or to pass upon the validity of objections raised to the propriety of the appearance of any attorney in litigation before the court is a quasi-administrative remedy whereby the court is given information that may move it to other acts thereafter. (*People ex rel. Karlin* v. *Culkin,* 248 N. Y. 465; *Matter of Eldridge,* 82 N. Y. 161.) III. The decision of the County Court is fully supported by the evidence.

LOUGHRAN, Ch. J. This condemnation proceeding was instituted in the County Court of Erie County by the plaintiff Erie County Water Authority to acquire property rights of the defendants Western New York Water Company and New York Water Service Corporation. When the issues came on to be heard, counsel for the defendant companies orally moved the County Court for an order prohibiting Laurence J. Olmsted, a member of the profession of the Bar in this State, from appearing in the proceeding as counsel for the plaintiff water authority.

In 1936, Mr. Olmsted had entered the employ of the Public Service Commission of this State as an attorney at law and several years later had been advanced to the rank of Assistant Counsel to the commission, a position which he occupied until May 16, 1951, when he resigned and accepted employment as counsel for the plaintiff water authority. When the defendant companies challenged the propriety of the appearance of Mr. Olmsted herein, he entered a special appearance, denied the power of the County Court to determine the charge made against him by the defendant companies and insisted that exclusive jurisdiction to dispose of such an accusation was conferred by section 90 of the Judiciary Law upon the Appellate Division of the New York Supreme Court. The County Court, however, assumed jurisdiction of the motion made against Mr. Olmsted by the defendant companies and, after a hearing, denied that motion in an opinion which reads in part as follows:

" Did Olmsted investigate or pass upon this matter while acting as attorney for the Public Service Commission?

"The facts disclose that he had appeared for the Commission in 1941 in hearings relative to the Western New York Water Company's compliance with orders of the Commission, and from 1947 to 1949 in connection with a rate case involving the Water Company. He also appeared as a spectator in various hearings of like nature involving the Water Company. * * *

"Olmsted had never appeared in this proceeding or any other related thereto prior to his employment by the plaintiff. He has never appeared for or on behalf of the Western New York Water Company in any manner. His former employer the Public Service Commission, is not a party to and is not interested in this condemnation action."

In accordance with its views as so expressed, the County Court made an order which (1) denied the oral motion whereby the defendant companies sought to bar appearance herein by Mr. Olmsted as counsel for the plaintiff water authority, and (2) granted leave to Mr. Olmsted to appear herein as trial counsel and as attorney for the plaintiff water authority.

From that order of the County Court the defendant companies appealed to the Appellate Division where that order was affirmed on the sole ground that the County Court had no jurisdiction to grant the motion made by the defendant companies against Mr. Olmsted. All the Justices of the Appellate Division were of opinion that the County Court was without jurisdiction of that motion. One Justice, however, dissented and voted for reversal of the order of the County Court and dismissal of the motion upon these grounds: (1) The County Court was without jurisdiction to entertain the motion or to grant the relief therein sought; (2) the order of the County Court was a nullity; (3) the objection made by Mr. Olmsted to the jurisdiction of the County Court should have been sustained.

On an appeal by the defendant companies from the order of the Appellate Division, the case is now properly here (*Erie Co. Water Authority* v. *Western N. Y. Water Co.*, 303 N. Y. 908. See Cohen and Karger, Powers of the New York Court of Appeals, § 45, pp. 181–183).

In the brief submitted to us in behalf of the defendant companies, their counsel says: "The issue in this proceeding involves neither censure or suspension * * *. The issue involves disqualification in a particular matter, or more par-

ticularly, the inherent authority of all courts * * * to bar the appearance of an attorney-at-law in a pending cause where the facts so warrant or demand.'' This assertion, we think, has no warrant in the record.

In the County Court counsel for the defendant companies accused Mr. Olmsted of violating Canon 36 of the Canons of Professional Ethics of the American Bar Association by accepting employment with the plaintiff water authority in connection with matters which he had investigated or passed upon in the course of his employment as an attorney at law for the New York Public Service Commission. At the same time, counsel for the defendant companies also accused Mr. Olmsted of a violation of section 15 of the New York Public Service Law by making unauthorized disclosures of information which had come to his knowledge when, as an employee of the New York Public Service Commission, he was examining records of the defendant companies.

In short, counsel for the defendant companies at the hearing herein charged Mr. Olmsted with professional misconduct and conduct that was prejudicial to the administration of justice. If the County Court had '' disqualified '' Mr. Olmsted upon the basis of that charge, as the defendant companies requested, then the action of the County Court would have been nothing more than a futile attempt to exercise a jurisdiction which had not been committed to that court.

The members of the profession of the Bar in this State are officers of the New York Supreme Court and the Appellate Division of that court has exclusive jurisdiction to say what constitutes professional misconduct on their part (Judiciary Law, § 90, subd. 2; see *People ex rel. Karlin* v. *Culkin,* 248 N. Y. 465). Moreover, the punishment that is to follow must be determined by the Appellate Division and is not subject to revision even in this court (*Matter of Axtell,* 257 N. Y. 210).

The order of the Appellate Division should be affirmed, with costs.

CONWAY, J. (dissenting). The defendants-appellants, Western New York Water Company, and its parent company, New York Water Service Corporation, moved in the Erie County Court to bar the appearance of one Olmsted as trial counsel for plain-

tiff, Erie County Water Authority (hereinafter called the Authority), in a proceeding to condemn the water plant and property of the Western New York Water Company (hereinafter called the Company). The proceeding was instituted by the Authority to acquire the properties of the Company and Olmsted was engaged as trial counsel on May 16, 1951, the same day on which he resigned as Assistant Counsel to the Public Service Commission. He had been employed continuously as an attorney with the Public Service Commission from the year 1936 to May 16, 1951. During the period from 1947 until his resignation from the Public Service Commission, he had handled proceedings for the commission in which the Company was a party. The commission had investigated and passed upon the propriety of the Company's rates and charges and the adequacy of the Company's facilities and service during that period. In February, 1951, prior to the commencement of the condemnation proceeding the attorney for the Authority inquired of Olmsted whether he would be available to accept a retainer from the Authority in connection with the trial of the condemnation proceeding and whether he could obtain a leave of absence from the commission for that purpose. That conversation was reported to the chairman of the commission and thereafter on April 6, 1951, the Authority made an application requesting that Olmsted be granted leave of absence. The application was accompanied by a resolution adopted by the authority which recited that it would be " highly desirable " for the Authority to engage the services of Olmsted as trial counsel provided a leave of absence were granted by the commission, and that " it would be highly desirable, and in the public interest, for the Authority to obtain any and all available knowledge and information with respect to the system, plants, properties, operations and financial condition of the Western New York Water Company in the possession of the Public Service Commission." The resolution further provided that in view of section 15 of the Public Service Law, the Authority requested the commission to direct Olmsted " to divulge and disclose to the Water Authority, and to any court or commission having jurisdiction of such condemnation proceeding, any facts or information which may have come to [his] knowledge during the course of any inspection or examination of the property,

accounts, records or memoranda of the Western New York Water Company, while in the employ of the Public Service Commiss**:**n''. The commission denied the Authority's request that Olmsted be granted an extended leave of absence and refused to waive section 15 of the Public Service Law on the ground that '' a blanket order granting access to all working papers in all pending and closed cases relating to said utility would cause serious administrative difficulties. It believes that the more desirable procedure would be for the Authority to request such specific working papers as it deems necessary for its use ''.[1]

Subsequently, on May 16, 1951, Olmsted resigned his position with the commission and commenced his employment with the Authority on the same day. Under the terms of the agreement Olmsted's employment was to be for a period of six months, at a salary of $2,000 a month, during which period he was to devote his full time to the condemnation proceeding. The agreement also provided that '' should said Special Counsel [Olmsted] become disqualified to act as an employee of the Water Authority by reason of the provisions of the Public Service Law, then this contract shall be immediately terminated without further liability or responsibility to either of the parties hereto.''

The Authority on August 7, 1951, filed with the Erie County Court its petition to condemn the property at which time the Company challenged Olmsted's right to appear for the Authority. The proceeding before the County Court was adjourned until August 15, 1951, when counsel for the Company again raised objections to Olmsted's appearance. The Company contended that the Authority employed Olmsted as counsel in order to obtain the benefits of his special knowledge and privileged information concerning the Company while in the employ of the Public Service Commission. The Company urged that Olmsted should be barred from appearing in the proceeding

---

[1] Section 15 of the Public Service Law insofar as pertinent provides: '' Any employee or agent of the commission who divulges any fact or information which may come to his knowledge during the course of any inspection or examination of the property, accounts, records or memoranda of any person, corporation or municipality subject to the jurisdiction of the commission, except in so far as he may be directed by the commission, or by a court or judge, or authorized by law, shall be guilty of a misdemeanor.''

because of Canon 36 of the Canons of Professional Ethics of the American Bar Association [2] and section 15 of the Public Service Law (*supra*, n. 1).

Olmsted contended that all the information he possessed was a matter of public record, and that the Supreme Court and the Appellate Division had exclusive jurisdiction, by virtue of the provisions contained in subdivision 2 of section 90 of the Judiciary Law, to determine whether or not he should be permitted to appear in the matter.[3]

Whether or not the information possessed by Olmsted is a matter of public record has no relevancy when Canon 36 is under consideration. (The Canons of Professional Ethics and Judicial Ethics of the American Bar Association, including Canon 36, have been adopted in this State as rules of conduct for attorneys in our courts. [McKinney's Cons. Laws of N. Y., Book 29, Judiciary Law, p. 764 *et seq.*].) He was requested by counsel for Company to take the witness stand so that he might be interrogated and he refused to do so. The County Judge refused a request of Company for a direction that he do so saying: '' I cannot request him to take the stand.''

[2] Canon 36 provides: "A lawyer, having once held public office or having been in the public employment, should not after his retirement accept employment in connection with any matter which he had investigated or passed upon while in such office or employ."

[3] Subdivision 2 of section 90 of the Judiciary Law reads as follows:

"2. The supreme court shall have power and control over attorneys and counsellors-at-law and all persons practicing or assuming to practice law, and the appellate division of the supreme court in each department is authorized to censure, suspend from practice or remove from office any attorney and counsellor-at-law admitted to practice who is guilty of professional misconduct, malpractice, fraud, deceit, crime or misdemeanor, or any conduct prejudicial to the administration of justice; and the appellate division of the supreme court is hereby authorized to revoke such admission for any misrepresentation or suppression of any information in connection with the application for admission to practice.

"It shall be the duty of the appellate division to insert in each order of suspension or removal hereafter rendered a provision which shall command the attorney and counsellor-at-law thereafter to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another In addition it shall forbid the performance of any of the following acts, to wit:

"a. The appearance as an attorney or counsellor-at-law before any court judge, justice, board, commission or other public authority. * * *"

The Trial Judge ruled that " the County Court has jurisdiction to decide who is qualified to appear and who is disqualified to appear before the Court, and I so hold." After a hearing the County Court denied the motion to bar Olmsted's appearance for the reason that Canon 36 of the Canons of Professional Ethics was not applicable since there was no identity of facts or subject matter in the matters handled by Olmsted for the commission and to be presented by him in the condemnation proceeding. The Appellate Division, Fourth Department, affirmed the order of the County Court " on the sole ground that the Erie County Court had no jurisdiction to grant the relief sought." (279 App. Div. 712, 713.) One Justice dissented and voted for a reversal of the order and dismissal of the proceeding " upon the ground that the court was without jurisdiction to entertain the matter or to grant the relief therein sought and upon the further ground that the order was a nullity." The majority of the Appellate Division has apparently held that the County Court had jurisdiction *to inquire into* the propriety of the appearance of Olmsted before it *but was without power to bar* his appearance.

Whether or not the County Court possessed jurisdiction to bar the appearance of Olmsted as attorney for the Authority in this litigation turns on whether or not the disqualification of an attorney in a particular matter is a disciplinary proceeding cognizable only by the Appellate Division under subdivision 2 of section 90 of the Judiciary Law. That section authorizes the Appellate Division in each department to " censure, suspend from practice or remove from office " any attorney " guilty of professional misconduct, malpractice, fraud, deceit, crime or misdemeanor, or any other conduct prejudicial to the administration of justice".

Clearly, the disqualification of an attorney in a particular matter does not constitute a censure for a censure is a formal and direct reprimand. Disqualification is not to be characterized as a censure or as an action of a disciplinary nature and hence within the jurisdiction solely of the Appellate Division for the reason that it may be regarded by some persons as reflecting upon the professional behavior of the attorney whose appearance has been barred. The reproval, if any there be, is indirect and incidental. At times, courts, in the discharge of

their duty to assure to parties before them a fair and orderly hearing, are compelled to direct remarks to attorneys which may reflect indirectly upon their professional conduct. It could not be seriously urged that the courts exceed their power in so doing.

Neither does a disqualification amount to a suspension or removal for in the event of a suspension or removal the order of the Appellate Division contains a direction to the attorney to refrain from the practice of law " in any form " and forbids his appearance as an attorney before " any court, judge, justice, board, commission or other public authority." Thus the suspension or removal of an attorney pursuant to subdivision 2 of section 90 operates as a suspension or removal in every court in this State and the attorney is barred from practicing law anywhere in any form either for the period of time that he is suspended or permanently if he be removed. Thus it is evident that a proceeding brought under section 90 is directly and not incidentally concerned with the fitness of an attorney to practice his profession. No question is raised here as to the fitness of Olmsted to continue to practice his profession — neither censure, suspension nor disbarment is sought. All that respondent seeks here is disqualification in this one case.

The distinction between a formal disciplinary proceeding and the action of a court in the exercise of its inherent authority to regulate the activities of its officers and to forbid the appearance of an attorney in an action pending before a court of record has been recognized in *Brown* v. *Miller* (286 F. 994, 997) where it was sought to bar an attorney from appearing in a particular matter.

Courts in this State and other States have acted upon the basis of their inherent authority to forbid the appearance of an attorney in a particular case where the facts warranted it. (*Watson* v. *Watson,* 171 Misc. 175; *Brown* v. *Miller, supra: Porter* v. *Huber,* 68 F. Supp. 132; see, also, *Packer* v. *Rapoport,* 88 N. Y. S. 2d 118, revd. on other grounds 275 App. Div. 820; *Weidekind* v. *Tuolumne Co. Water Co.,* 74 Cal. 386.)

In the absence of statute, there could be no question of the power of the County Court to bar an attorney from appearing in the matter at hand. The rule is set forth in Corpus Juris Secundum (Vol. 7, Attorney and Client, pp. 730–731) as follows:

"Generally, all courts of record have power in a proper case to suspend or annul the license of an attorney practicing in the particular court pronouncing sentence, but the power to go further and make the suspension or revocation effective in all other courts * * * must be conferred by statute."

The statute here, subdivision 2 of section 90, is concerned with the disciplining of an attorney who has already committed an act of misconduct. As yet Olmsted has not been charged with committing misconduct or impropriety. In barring him from appearing in this litigation the County Court might be preventing him from committing an act of misconduct for which he could be punished. Unless he has acted as attorney for the Authority there may be no basis for a disciplinary proceeding. Once the condemnation proceeding goes to trial the appellants may lose their right to a fair trial if confidential, privileged information and special knowledge which Olmsted was in a position to acquire while in public employment, is used on behalf of his *new client*. Hence, the only proper way to insure a fair trial may be to disqualify an attorney who had opportunity to obtain special and privileged information through sanction of a statute while representing *another client*. No case has been called to our attention in this State where the question of whether an attorney should be barred from appearing in the litigation at hand was treated as a disciplinary matter solely to be dealt with by an appropriate petition to the Appellate Division. That brings us to the next point. The procedure provided for implementing subdivision 2 of section 90 is cumbersome and is aimed at investigation and punishment of an attorney for past conduct. By rule V of the Rules Relating to Attorneys of the Appellate Division, Fourth Department, a petition for investigation of the conduct of an attorney may be presented to the Appellate Division by any person claiming to be aggrieved. This is done through a notice of motion and provision is made in the statute for the service of a copy of the charge upon the attorney involved. The petitioner may have to wait until the commencement of a term of the Appellate Division in order to bring on a hearing as to the propriety of an appearance of an attorney in pending litigation. As we view it the disciplinary procedure set forth in section 90 is a means of disciplining or punishing an attorney for acts of

misconduct already committed, such as conversion of funds, ambulance chasing, fraud, bribery and the like. Where an attorney is disqualified in a particular case no charges are thereby preferred against him. Such action is taken to insure a fair trial without necessarily subjecting the attorney to the stigma of disciplinary action. The conduct of an attorney may be ill advised and inconsistent with public policy and the ethics of his profession but may not be of such a character as to necessitate the institution of disciplinary proceedings against him. (See *Porter* v. *Huber*, 68 F. Supp. 132, *supra*.)

The disqualification of an attorney in a particular proceeding has to do with the proper conduct of litigation before the court and is a matter over which the court has inherent power. It is similar to the power to pass upon the qualification of a witness to take the stand or the power to punish for contempt committed in the presence of the court which power was inherent in our judicial system and possessed by courts prior to and apart from statute.

Likewise, " the courts by virtue of their inherent power and control over their own officers, and quite independent of specific statutory provision, will under proper circumstances exercise jurisdiction and summarily compel an attorney to fulfill his obligations toward his client by paying money or delivering documents which belong to him     *     *     *.'' (*Matter of Niagara, Lockport & Ontario Power Co.*, 203 N. Y. 493, 496–497, and cases cited therein. See *Matter of Long*, 287 N. Y. 449.) Such action by the court is not disciplinary in nature even though the conduct of the attorney may be such as to warrant the institution of a disciplinary proceeding against him.

The case should be remitted to the Appellate Division to pass upon the question of whether Olmsted should be barred from appearing in this litigation.

Lewis, Fuld and Froessel, JJ., concur with Loughran, Ch. J.; Conway, J., dissents in opinion in which Desmond and Dye, JJ., concur.

Order affirmed.