In the Matter of the Estate of Hugo Zietz, Sr., Deceased.
In the Matter of the Estate of Hugo Zietz, Jr., Deceased.
In the Matter of the Estate of Hedwig Zietz, Deceased.

Surrogate's Court, New York County, January 7, 1954.

*Otto C. Sommerich* and *Benjamin Busch* for Willy Zietz, petitioner.

*Milton S. Gould* and *Alvin M. Stein* for Madeleine Zietz-Halmos, respondent.

FRANKENTHALER, S. There is pending before the court an application by Willy Zietz the administrator *c.t.a.* of the estate of Hugo Zietz, Sr., for authority to deliver to himself, as son and sole distributee of decedent, the assets of the estate in this jurisdiction in lieu of the transmission of such assets to the domicile of decedent. There also are pending similar applications by Willy Zietz in his capacity as administrator of the estate of his mother Hedwig Zietz and as administrator of the estate of his brother Hugo Zietz, Jr. In each of the pending proceedings the alleged widow of Hugo Zietz, Jr., has moved

for leave to intervene for the purpose of establishing her status as widow of Hugo Zietz, Jr., and her consequent interests in these estates. The attorneys who initially represented the alleged widow on such motions have consented to a substitution of attorneys and the attorneys most recently retained by the alleged widow now move for an order substituting them as her attorneys. Willy Zietz opposes the motions and has moved for an order restraining the attorneys so substituted from appearing in these proceedings.

The attorneys moving for an order of substitution (who will be referred to as the substituted attorneys) state that Willy Zietz sought to retain them at a time when a prior proceeding was pending in the estate of Hugo Zietz, Jr. At that time Willy Zietz was not the legal representative of any of the above-named decedents. That proceeding, in which Willy Zietz was represented by the attorneys who now appear for him, was instituted by him to revoke ancillary letters of administration that had been issued by this court in the estate of Hugo Zietz, Jr. The alleged widow of Hugo Zeitz, Jr., was not a party to the revocation proceeding. The substituted attorneys did not accept a retainer from Willy Zietz and the attorneys state that they obtained from neither Willy Zietz nor his attorneys any information of a confidential character and, in fact, no information that was not a matter of public record. The attorneys for Willy Zietz respond by stating that in connection with the revocation proceeding they conferred with the substituted attorneys and at such conferences they conveyed certain confidential matter to the substituted attorneys. The statements of the two firms of attorneys are completely contradictory. The contradictions could be resolved only at a hearing at which Willy Zietz voluntarily would disclose or would authorize his attorneys to disclose the particular confidential information claimed to have been communicated to the substituted attorneys. Obviously such a disclosure would defeat the very purpose of a restraining order. The attorneys for Willy Zietz have advised the court that no purpose would be served by a hearing.

There is precedent for restraining an attorney from acting adversely to a client whom the attorney represented on the same issue in a prior action or proceeding (*Watson* v. *Watson,* 171 Misc. 175; *Brown* v. *Miller,* 286 F. 994; *United States* v. *Bishop,* 90 F. 2d 65; 51 A. L. R. 1307, 1315; 126 A. L. R. 1271, 1275). In such instance it is self-evident that upon the earlier representation of the client the attorney would have acquired confidential information relevant to the matter then at issue and

which would constitute the issue in the later litigation. In the matter at bar it cannot be said that the substituted attorneys necessarily or probably obtained information from Willy Zietz that can be used to his prejudice in the pending proceedings. The client of the substituted attorneys now seeks to establish her status as the widow of Hugo Zeitz, Jr. The prior proceeding did not involve any issue as to family relationship. In that proceeding the attack upon the ancillary letters was based upon a misrepresentation by the ancillary administrator of a material jurisdictional fact. While there were discussions between the substituted attorneys and Willy Zietz and between the substituted attorneys and the attorneys representing Willy Zietz during the pendency of the prior proceeding, such discussions never ripened into the actual retention of the substituted attorneys by Willy Zietz. On the facts presented it cannot be assumed that confidential information was conveyed to the substituted attorneys or that their appearance at this time on behalf of the alleged widow would unduly prejudice Willy Zietz.

A recent discussion of judicial power to bar the appearance of an attorney is found in *Erie Co. Water Authority* v. *Western N. Y. Water Co.* (304 N. Y. 342). There the court considered a motion to prohibit the appearance of an attorney in a condemnation proceeding. The majority opinion states that the motion was founded upon charges of violation of the Canons of Professional Ethics of the American Bar Association by the attorney's acceptance of employment in connection with matters which he investigated or passed upon as a public employee and violation of the Public Service Law by the making of unauthorized disclosures of information obtained by the attorney as an employee of the Public Service Commission. The majority opinion summed up the position of the moving parties by saying: '' In short, counsel for the defendant companies at the hearing herein charged [the attorney] with professional misconduct and conduct that was prejudicial to the administration of justice.'' (P. 346.) The holding was that the Appellate Division of the Supreme Court has exclusive jurisdiction to pass upon professional misconduct of attorneys and any action by a court other than the Appellate Division would be a futile attempt to exercise a jurisdiction which had not been committed to that court. Three dissenting judges of the Court of Appeals stated that the question turned on '' whether or not the disqualification of an attorney in a particular matter is a disciplinary proceeding cognizable only by the Appellate Division '' (p. 350) and the minority of the court distinguished between

a disciplinary proceeding and the action of a court in the exercise of its inherent authority to assure parties to litigation a fair trial.

There is no charge in the papers on this motion that any attorney has been guilty of professional misconduct and, were there such a charge, it would not be the prerogative of this court to pass upon such accusation (*Erie Co. Water Authority* v. *Western N. Y. Water Co., supra; Bloomingdale Bros.* v. *Hudson,* 147 Misc. 759). The court is confident that the attorneys here concerned have appraised their own conduct in accordance with proper standards of professional ethics. There is absent any clear showing that the appearance of the substituted attorneys would prejudice a fair hearing of the issues before the court.

The exchange of letters between the two firms of attorneys did not create any understanding that is decisive of these motions. The court will not issue a restraining order as a method of compelling specific performance of the alleged agreement between the attorneys and neither will the court on the basis of such an agreement interfere with a party's selection of the attorneys of her choice who have expressed their willingness to act for her.

The motions for substitution of attorneys are granted and the motion to restrain the appearance of such attorneys is denied.

Submit orders on notice.