■ IDA MARCO, as Ancillary Administratrix of the Estate of HARRY MARCO, Deceased, on Behalf of Himself and All Other Stockholders in BLUE RIDGE CORPORATION Similarly Situated, and on Behalf of Said Corporation, Appellant, v. WALTER E. SACHS et al., Respondents; BLUE RIDGE CORPORATION et al., Appellants, et al., Defendants.— In a stockholder's derivative action, the appeals are from an order which granted respondents' motion to stay all proceedings on the part of the individual appellant and her attorney until her examination before trial shall have been completed, and denied her cross motion to be relieved from a stipulation adjourning her examination before trial and to vacate the notice for said examination or, in the alternative, to permit the examination to be conducted on written interrogatories at her home in New Jersey. Order affirmed, without costs. No opinion. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.

■ IDA MARCO, as Ancillary Administratrix of the Estate of HARRY MARCO, Deceased, on Behalf of Himself and All Other Stockholders in BLUE RIDGE CORPORATION, Similarly Situated and on Behalf of Said Corporation, Plaintiff, v. ARTHUR SACHS et al., Respondents; BLUE RIDGE CORPORATION et al., Appellants, et al., Defendant.— In a stockholder's derivative action, the appeal is from an order which denied, without prejudice, appellants' motion to disqualify respondents' attorneys from appearing for, representing or aiding any of the respondents in said action. Prior to the argument of the appeal, and on October 27, 1955, this court denied respondents' motion to dismiss the appeal, with leave to renew on the argument of the appeal; the motion has been renewed. Renewed motion to dismiss appeal denied, without costs. Order affirmed, with $10 costs and disbursements. (See *Marco* v. *Sachs, ante,* p. 849, decided herewith.) The Special Term did not have jurisdiction to grant the motion. (See *Erie Co. Water Auth.* v. *Western N. Y. Water Co.,* 304 N. Y. 342.) Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.

■ GEORGE QUINT, Appellant, v. CITY OF WHITE PLAINS, Respondent.— In an action to recover damages for personal injuries, the parties stipulated to the facts on the issue of whether it is barred by the Statute of Limitations contained in section 277 of the Charter of the City of White Plains, after it had been brought regularly on for trial. The appeal is from the judgment granting respondent's motion to dismiss the complaint on the ground that the action is so barred. Judgment unanimously affirmed, without costs. No opinion. Present— Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ. [See *post,* p. 972.]

■ LOUISE WILKINS, Appellant, v. CITY OF NEW YORK, Respondent.— In an action to recover damages for personal injuries sustained when plaintiff fell on a subway station platform by reason of the alleged presence of a foreign substance thereon, the appeal is from a judgment dismissing the complaint on the merits at the close of the plaintiff's case. Judgment unanimously affirmed, with costs. No opinion. Present— Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

## THIRD DEPARTMENT, FEBRUARY, 1956

## (February 1, 1956)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS CORCORAN, Appellant.— Application for leave to withdraw appeal. Application granted. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.