Harold A. Stevens, J.
Defendant moves to disqualify plaintiff’s counsel from continuing to act in plaintiff’s behalf on the stated ground that plaintiff’s present counsel formerly represented a prior corporation which merged with another corporation, Birdsboro Steel Foundry and Machine Company, the two constituting the present defendant. Plaintiff’s counsel represented the prior corporation at the time the contract, subject of the pending suit, was negotiated, and a member of its firm served for a time as secretary of the corporation.
Plaintiff here is suing for damages for a claimed wrongful termination of his contract of employment. His counsel contends that the contract is not an issue here, but the sole issue is whether plaintiff was wrongfully discharged. The single issue to be resolved by the court is whether the facts shown warrant such disqualification. It should be pointed out that on the occasion of the merger, July 2,1956, plaintiff’s counsel ceased to represent the prior corporation and plaintiff’s counsel asserts that the officers of the merged corporation are not those who were formerly officers of the prior corporation.
There are certain general rules to which our courts have adverted when questions of disqualification arose. “ ‘ When an attorney has been employed in a cause, and is afterward discharged by his client, not on the ground of misconduct, the court will not restrain him from acting for the opposite party, unless it clearly and distinctly appears that he has obtained information in his former character which would be prejudicial to the cause of his former client to communicate. ’ ” (Weeks on Attorneys at Law, § 271, cited in Watson v. Watson, 171 Misc. 175, 176.) And the court will not permit counsel to use any information gained through his former connection to the injury or damage of his former client. Will this suit entail a violation of confidence of a former client to the damage of that client? We think not for the making of the contract is admitted and the issue is whether plaintiff’s contract of employment was wrongfully terminated six months after his counsel ceased to represent the prior corporation, that is, on December 31, 1956. Motion to disqualify is denied.
*432 The cross motion by plaintiff pursuant to rule 103 of the Rules of Civil Practice to strike as sham and frivolous certain portions of defendant’s answer constituting defendant’s third affirmative defense is denied. Such defense alleges a violation of a fiduciary duty by plaintiff to defendant and is neither sham nor frivolous.