Owen McGivern, J.
This is a motion by plaintiffs to disqualify defendant’s attorneys herein upon the ground that they formerly represented plaintiffs.
Before considering the merits of the motion, the court must consider its jurisdiction to pass upon such a motion.
In Erie County Water Auth. v. Western N. Y. Water Co. (304 N. Y. 342 [1952], cert. denied 344 U. S. 892 [1952] defendants moved in the trial court, the County Court, to disqualify plaintiff’s attorney upon the ground that he had investigated related matters concerning defendants while he had been in the employ of the Public Service Commission. By a vote of 4 to 3, the Court of Appeals held that only the Appellate Division had jurisdiction of such a motion, since it involved a charge of professional misconduct.
In Matter of Huie (2 A D 2d 163 [3d Dept., 1956]) on the authority of the foregoing case, an original application was made in the Appellate Division to disqualify an attorney from appearing for claimants in a condemnation proceeding, upon the ground that he had formerly represented the condemner. The Appellate Division unanimously held that the motion should be made at Special Term, stating at page 165:
“We believe that this application should have been made at Special Term. This is not an application for the institution of a disciplinary proceeding under section 90 of the Judiciary Law, although reference is made to that section in the brief of the petitioners and some of the matters referred to may be made the basis of charges in a disciplinary proceeding. The court of original jurisdiction in which the proceeding is pending has inherent power to disqualify an attorney for a party upon *617 a finding that it is improper for him to represent the litigant or to participate in the proceeding.
“ The application was made to this court, instead of Special Term, upon ‘ the purported authority of Erie County Water Auth. v. Western N. Y. Water Co. (304 N. Y. 342). As we read that case, it is not in conflict with the views here expressed. The moving party in that case was not, as here, a former client of the attorney whose disqualification was sought.. Furthermore, the application, as construed by the Court of Appeals, was not an application to disqualify the attorney in the particular proceeding, but was an application for the imposition of discipline under section 90 of the Judiciary Law and, as such, it was held not to be cognizable by the County Court where the proceeding was pending, but to be solely within the jurisdiction of the Appellate Division.
1 ‘ Where the determination of the application for disqualification may turn upon questions of fact, it is especially appropriate that the application should be made in the court in which the proceeding is pending. The question of whether the proceeding in which the attorney appears for claimants against the City of New York bears a substantial relationship to the proceedings in which he appeared on behalf of the City is a question of fact which can be resolved only upon a plenary inquiry.”
In Marco v. Sachs (1 A D 2d 851 [2d Dept., 1956]), it was held that Special Term does not have jurisdiction of such a motion, on the authority of the Erie ease.
No relevant decision in the Appellate Division, First Department, since the Erie case was decided, has been found. However in Clayton v. Birdsboro Steel Foundry Mach. Co. (12 Misc 2d 430 [1957]) Mr. Justice Stevens, now a Justice of the Appellate Division, First Department, passed upon such a motion while sitting at Special Term. (Cf. Matter of Zeitz, 205 Misc. 20, revd. 283 App. Div. 778 [1954].)
In the light of the foregoing conflict of authority, this court is persuaded to follow Matter of Huie (supra). The distinction there made of the Erie case is applicable here, for in the instant case the motion is made by former clients of the attorney whose disqualification is sought. It would appear to be unreasonable to impose on the Appellate Division the burden of passing upon such motions where disqualification in a particular case is sought rather than general disciplinary sanctions. Accordingly, the motion will be considered on the merits.
It is not denied that the present attorney for the defendant caused the incorporation of one of the plaintiffs. One of the *618 arguments made by defendant in support of his motion to vacate the order of arrest is that such plaintiff, not having qualified to do business in New York, is precluded from suing in New York. It may well be that the attorneys advised that the corporation should not qualify. However, on one of the companion motions, it is held that such corporation’s failure to qualify is not a ground for denying its right to bring this action. Assuming defendant does not have this determination reversed on appeal, the failure to qualify will no longer be in issue herein. It would then follow that the mere fact that defendant’s present attorney caused the incorporation of one of the plaintiffs would be an inadequate ground for disqualification.
It is equally undisputed that said attorney represented one of the plaintiffs in two actions, one of which has been terminated and one of which is still pending. In the latter action there has apparently been a substitution of attorneys. Whether these two actions bear ‘ ‘ a substantial relationship ’ ’ to the instant proceeding cannot be determined on the affidavits submitted, but “is a question of fact which can be resolved only upon a plenary inquiry ” (Matter of Huie, supra). The mere fact that reference is made by defendant in one of his affidavits to the terminated action does not ipso facto establish its relevance to the instant proceeding.
A motion of this nature imposes a grave duty upon the court. It must balance defendant’s right to select his own counsel and his attorneys’ right to be acquitted of charges of professional misconduct against plaintiff’s right not to have their former attorneys take advantage of them.
In Packer v. Rapoport (N. Y. L. J., Feb. 3, 1949, p. 428, col. 5) Mr. Justice McNally, now a Justice of the Appellate Division, First Department, said in deciding a similar motion:
“ In order to support .summary action of this kind and character, however, it must clearly appear that the relationship of attorney and client and the acquisition of the knowledge were concurrent and, in addition, that the information is material on the issues in the pending action (Watson v. Watson, 171 Misc. 177).
“ The moving papers present issues of fact which, in view of the serious nature of the charges, should be determined only after a full hearing. Accordingly, the determination of the motion to remove plaintiff’s attorney will be held in abeyance pending the report of a referee.”
The order of reference in that case was reversed and the motion to disqualify was denied by the Appellate Division (275 App. Div. 820 [1949]) which stated: “While we agree in the *619 abstract with the views expressed by the Justice at Special Term, the record in this case does not satisfy us that there was sufficient basis for ordering a reference in this case, particularly in view of the long delay in raising objections.”
In the instant case there has been no delay in the making of the motion and the record contains sufficient evidence to preclude a summary denial of plaintiffs’ motion.
Motions of this type appear to have been made in the Federal courts more frequently than in the New York courts. It is a common practice in the Federal courts to refer such motions to Special Masters. (See, e.g., Laskey Bros. v. Warner Bros. Pictures, 130 F. Supp. 514, 516, affd. 224 F. 2d 824 [1955], cert. denied 350 U. S. 932 [1956]; Fisher Studio v. Loew’s, 232 F. 2d 199, 201 [C. A. 2d 1956], cert. denied 352 U. S. 836 [1956]; Consolidated Theatres v. Warner Bros. Circuit Management Corp., 216 F. 2d 920, 922 [C. A. 2d 1954].)
This motion will therefore be referred to Ferdinand Pécora, Esq., of 19 East 70th Street, N. Y. City, as Referee to hear and report as to (1) the extent of the attorney-client relationship between plaintiffs and the defendant’s present attorneys, (2) the substantiality of the connection between the matters involved in such relationship and the issues herein and (3) the Referee’s recommendation as to the disposition of this motion, the expenses of said reference to be borne by the plaintiffs.
Pending such report, the motion will be held in abeyance. Settle order.