Alexander Berman,
Acting Judge of Surrogate’s Court. This is a motion by the petitioner’s attorney representing a son and daughter of the decedent for an order disqualifying the attorney for another daughter, a respondent herein, from representing his client. The proceedings now pending before the court involve an accounting by the petitioner movant, son Clifford, as administrator of the estate, and an accounting by the daughter movant, Lilyan, she being also named as a respondent in the petition and citation for settlement of the administrator’s account. The attorney making the motion therefore represents both the petitioner and one of the respondents herein.
The respondent daughter defending this motion is Marjorie. She has appeared by her husband Joseph who is an attorney at law, and filed objections to both accounts. The movants claim that this is a violation of rule 6 of the Canons of Professional Ethics, as set forth in the Judiciary Law of the State of New *123 York, because the same attorney had previously represented the administrator in the -earlier stages of this estate, including court proceedings for the issuance of letters of administration, the estate tax proceedings, the preparation and filing of waivers on an informal accounting, and he had also allegedly given legal advice to the administrator. Parenthetically, the court notes that none of the proceedings in which the administrator was represented by attorney Joseph involved any disputed issues and the court records indicate that all the sisters had previously executed waivers and releases prepared by the same said attorney on an apparently amicable arrangement, with full knowledge of his status and representation.
Paraphrasing the opinion in Evyan Perfumes v. Hamilton (22 Misc 2d 616, 618), a motion of this nature imposes a grave duty upon the court. It must balance one party’s right to select her own counsel and her attorney’s right to be acquitted of charges of professional misconduct against another party’s right not to have his former attorney take advantage of him.
The motion was submitted for decision without a hearing and upon the papers now filed. It is quite possible that if this motion was brought up for review in the Appellate Division of this Department and in the Court of Appeals, both courts might rule that the Surrogate’s Court does not have jurisdiction to decide the motion, on the authority of Marco v. Sachs (1 A D 2d 851) and Erie County Water Auth. v. Western N. Y. Water Co. (304 N. Y. 342). Both cases and other precedents are alluded to in the Evyan Perfumes case (supra).
This court does not condone infractions of professional ethics and does not decide that there has been any such infraction in this case. On the other hand, assuming jurisdiction to do so, it would be reluctant (except on clear grounds of prejudice to another party) to bar a wife from being represented by her own husband as attorney. In this case all the parties are related and have an interest in the property and in the decedent’s estate. Under the circumstances here all parties were aware at all times of the husband-wife relationship and of the proceedings in which the attorney participated. There is no evidence of any confidential advice or lack of disclosure on the part of the attorney that might result in prejudice to any party to these proceedings.
In the opinion of this court there are further circumstances which have a binding effect, so far as this motion is concerned. The attorney whose appearance is now complained of had previously represented his wife in the preliminary stages of *124 the disputes about to be resolved, namely, on the application of the administrator for leave to sell the decedent’s real property, which continues to be the subject of these proceedings. It was that application that resulted in the court’s decision of January 17, 1968, and on that application the administrator was represented by the same attorney who is now making this motion. The respondent, Marjorie, not only appeared by her husband thereon but through him interposed numerous objections similar to those now presented by her. Despite those objections and arguments then interposed against the administrator’s application, the latter and his attorney did not raise any question of the attorney’s qualifications or the right of Marjorie to be represented by her husband. This delay in the making of the instant motion, along with the facts shown in the record, is. sufficient reason to deny the petitioner’s motion.
Another circumstance of significance is that the movants themselves are represented now by the same attorney although each has an interest adverse to the other, in that the accountant, Lilyan, is accounting to the estate and to her copetitioner, the administrator, and the latter is accounting to her. Both of them are accounting to the other respondents as well as to this court. While two possible wrongs do not make a right, the equity position of the accountants does not favor their instant motion.
The objection that the attorney may be a witness is not well taken, and one party has no right to force another party to discharge the latter’s counsel merely by contending that he may be called as a witness before the court. No reason appears why the attorney should not place his services at the disposal of his wife who has been brought into litigation instituted by his former client, especially since the proceedings involve matters of common knowledge and common interest to all of the persons involved in this decedent’s estate and there appears to be no prejudice to any party.
The court accordingly denies the motion and directs all parties to proceed without unnecessary delay. If they cannot resolve their differences and reach an amicable agreement the court will, as stated in its prior decision, hear and determine all questions relating to both accounts and fix the rights and proportions of the respective parties.