Millard L. Midonick, S.
In this accounting proceeding one of the executors has moved for an order disqualifying and barring attorneys from representing the testator’s widow, who is a respondent in the accounting proceeding, and directing delivery of books, records and papers in the possession of the widow’s attorney to the executors or their attorneys.
As to the latter relief the attorneys for the respondent agreed at a conference with the court to deliver all of the testator’s books, records and papers, in their possession and copies of the respondent’s records with the understanding that such records shall be delivered to the attorneys for the executors and shall be maintained in their custody. Although not at issue upon this motion, it was further agreed that certain containers of papers would be made available for examination by the widow’s attorneys on April 19 at the office of the attorneys for the executors.
The facts hereinafter related do not appear to be in dispute. The testator died on September 6, 1971 leaving a will and codicils. The widow and the testator’s three children of prior marriages were nominated as executors. Prior to probate the widow engaged an attorney and the other three nominated executors agreed that this attorney, through his law firm, would represent the four nominated executors in the probate proceeding. Thereafter information as to the finances of the testator and his estate and facts as to the financial relationships between the testator and his children were conveyed to the attorney and books, papers and records were made available to him and taken into his possession. At a later date the widow’s attorney informed the other nominated executors that the widow had an interest adverse to the testator’s children and on October 14, 1971 the widow renounced her appointment as coexecutrix. Probate proceeded with the three children represented by attorneys of their choice and letters testamentary were granted to them by decree of probate dated December 29, 1971. In June, 1972 the widow asserted a right of election pursuant to EPTL 5-1.1. There is currently pending this proceeding to judicially settle the account of the three children as executors and the widow has appeared in this proceeding and has initiated disclosure procedures.
It is contended by the movants that the conduct of the widow’s attorneys constituted a violation of the Code of Pro *848 fessional Responsibility which justifies their removal from this proceeding. Of course the papers on this motion do not disclose confidential matter allegedly revealed to the respondent’s attorneys, since any such disclosure would defeat the purpose of this motion, but it is not evident that conferences in connection with the preparation for probate and information gleaned from the examination of the testator’s records for the purpose of ascertaining the extent of his assets may be regarded as confidential as between the parties to this proceeding. It is the obligation of the executors to ascertain the full extent of the testator’s assets and to bring such assets into their possession as fiduciaries (Matter of Plasterstein, 21 Misc 2d 326, 327). The executors are trustees for the benefit of the testator’s creditors and for the beneficiaries under his will (Blood v Kane, 130 NY 514). The widow as a residuary legatee under the will is entitled to full information as to the character and quantity of the estate assets, whether such information is provided by the executors voluntarily or is obtained through disclosure procedures.
In Matter of Dix (11 AD2d 555, affg 21 Misc 2d 864) the widow and another were named executors in the testator’s will; attorneys representing both nominated executors prepared the. petition for probate; the widow then withdrew as copetitioner and filed objections to probate which she later withdrew; thereafter a temporary administrator, who was not a nominated executor, was appointed and the original attorneys were retained to represent the temporary administrator. A motion of the widow to disqualify the attorneys was denied. The court said (pp 555-556): "That the attorneys also represent the coexecutor named in the will does not connote any conflicting interest. The fact that after the retention of the attorneys Mrs. Dix decided to change her status in these proceedings does not, ipso facto, make the attorneys adverse to her voluntary shifting of positions. Mrs. Dix and Mr. Anchin consulted the attorneys for their mutual benefit as prospective coexecutors and it is difficult to visualize what could possibly have transpired between the parties to create a confidential relationship, one to the other, sufficient in character to call upon the attorneys now to withdraw because of such relationship. We are unable to say that there is any conflict of interest or any confidential relationships which prevent the said attorneys, appointed by the temporary administrator, from continuing to act in that capacity.”
*849 If the conferences and production of papers in preparation for probate disclosed information as to the testator’s business transactions with his children of a nature which the children seek to conceal, this leads to a conclusion that the children qualified as executors while occupying a position adverse to the estate. The court prefers not to invoke such an assumption.
A considerable period of time has elapsed since the testator’s death in 1971 and the administration of the estate has progressed to the point where the executors are accounting. While the delay in making the instant motion is not a controlling factor in the court’s disposition of the motion, such delay is not without significance. In Matter of Huie (2 AD2d 163, 165) the court said: "Insofar as a disciplinary proceeding is concerned, laches or waiver on the part of a private litigant is, of course, of no consequence. But, upon an application by a litigant to disqualify the attorney for his adversary, as distinguished from a disciplinary proceeding, laches may properly be taken into account, at least in a case in which it does not appear that the use by the attorney of any confidential information is involved.”
This court lacks jurisdiction in a disciplinary proceeding and this motion does not include such an issue (Cf. Erie County Water Auth. v Western N. Y. Water Co., 304 NY 342) but it would appear that had the widow’s attorney been guilty of improper conduct which adversely affected the movant, the latter' would have been prompted to seek relief at a much earlier point in the administration of this estate. The delay would seem to clear the widow’s attorney of any charge of impropriety.
Evidence of a possible violation of a confidential relationship could justify the disqualification of an attorney (Matter of Zietz, 283 App Div 778, revg 205 Misc 20), but the facts presented upon this motion do not warrant the granting of this relief. As to that request the motion is denied.
The motion is granted only to the extent that the agreement covering the delivery of papers has been reached as above stated, and provision for the delivery of books, records and papers may be included in the order to be submitted.