Jacob Markowitz, J.
Motions under calendar numbers 143 and 145 (Index No. 456/74) and 146 and 147 (Index No. 19258/ 73), all of July 25, 1975, are consolidated for joint disposition.
In ABKCO Ind. v Lennon (the 1973 Beatles action) and ABKCO Ind. v Apple Corps (the 1974 Beatles action), the plaintiff generally seeks to recover against the various defendants, moneys due and owing for services rendered, commis *467 sions earned and expenses advanced. Certain additional causes of action are also alleged in the 1973 Beatles action. In total, plaintiffs various claims total more than $24,000,000. As a consequence of the institution of these lawsuits in New York, defendants, other than Paul McCartney and the John Does, moved to dismiss the complaints on various grounds, to wit: lack of in personam jurisdiction over their corporate or individual person; for forum non conveniens; legal insufficiency of the respective pleadings; nonjoinder of necessary parties; and in addition seek to stay the proceedings because of a prior action pending between the parties in England and to generally stay certain pretrial proceedings. Lastly, movants seek an order disqualifying ABKCO’s counsel from appearing or representing its client in either lawsuit.
By order of this court dated July 1, 1974, and upon consent of the parties the jurisdictional issues being of prime consideration were referred to a Special Referee to hear and report, together with recommendations. Dean Joseph M. McLaughlin accepted appointment by this court. In the interval, ultimate disposition of the various related applications for stay or dismissal was held in abeyance. Dean McLaughlin has concluded his hearings and made his reports. The respective parties’ motions for either confirmation or rejection of his various findings and recommendations and for resolution of those matters held in abeyance are now before this court.
JURISDICTIONAL QUESTIONS
Python Music Publishing Co. Inc. and Apple Music Publishing Co. Inc., defendants in the 1973 Beatles action, and Apple Corps Ltd., Subafilms Ltd., Apple Publishing Ltd, Harrisongs Ltd., Startling Music Ltd., defendants in the 1974 Beatles action, were all served pursuant to CPLR 301, as was Richard Starkey (Starkey), a defendant in both actions. George Harrison was later personally served in New York and consequently the motion as to him was withdrawn. Simply the issue is whether any or all of these defendants "do business” in New York to an extent that justifies this court to exert its jurisdiction over them. Resolution of a simple issue unfortunately in this situation involves some rather complex factual considerations.
Logically, examination of these problems required an in depth analysis of the nature and extent of defendants’ contacts with New York. (1) Did these defendants transact busi *468 ness in New York with a fair measure of permanence and continuity either personally, through an agent or representative, or in the form of some alter ego? (2) Would retention of jurisdiction be repugnant to accepted notions of fair play and due process? (See, generally, Frummer v Hilton Hotels Int., 19 NY2d 533, 536-537, cert den 389 US 923; Matter of La Belle Creole Int, S. A. v Attorney-General of State of N. Y., 10 NY2d 192, 197; Tauza v Susquehanna Coal Co., 220 NY 259, 267; Simonson v International Bank, 14 NY2d 281, 285-288; Hanson v Denckla, 357 US 235; Busch v Drexel Firestone, — CA2d [April 6, 1975], and Restatement, Conflict of Laws 2d, § 35.) (3) Could jurisdiction be retained under circumstances where the cause of action arose outside of New York and is unrelated to the business transacted here? (See Bryant v Finnish Nat. Airline, 15 NY2d 426; Berner v United Airlines, 3 NY2d 1003; cf Flexner v Farson, 248 US 289; Hess v Pawloski, 274 US 352; Doherty & Co. v Goodman, 294 US 623; International Shoe Co. v Washington, 326 US 310; Restatement, Conflict of Laws 2d, supra; Foster, Long-Arm Jurisdiction in District Courts, 47 FRD 73 and note Civ Prac Act, § 229-b with Wisc Stat Ann, § 262.05, subd [1], par [d].)
The Referee’s accurate evaluation of existing New York law required him to draw the over-all legal conclusion that the courts of this State have not imposed its jurisdiction upon a nonresident individual where, on similar facts, it would unquestionably do so if it were dealing with a foreign corporation or recognized commercial entity. Thus, this court is faced not only with the problem of evaluating Dean McLaughlin’s findings and recommendations in the light of established jurisdictional concepts, but also must consider whether certain concepts, as applied to nonresident individuals, should under all circumstances remain inviolable.
THE CORPORATE DEFENDANTS
An amazing corporate web was woven to exploit the endeavors of the Beatles and others. The entire corporate system is a complex interwoven structure of which the named corporate defendants form only part. Separating and unraveling the various jurisdictional threads which would connect or tend to connect these entities to New York was no mean task. The report and its evaluations were extremely thorough. Upon review, I do not hesitate to confirm the findings of the Referee as to the corporate defendants in all respects.
*469 The motion to dismiss by Apple Corps Ltd. and Harrisongs Ltd. is denied. The facts sustain the conclusion that Apple-NY and Apple-Cal, corporations both doing business in New York are merely alter egos to Apple Corps Ltd., an English entity. Harrisongs Ltd., also an English entity, on the other hand, is shown to have engaged in activities in its own behalf and through agents and representatives sufficient to support a finding that it also is doing business here. Plaintiff has conceded that there is no jurisdiction over Python Music Publishing Co. Inc. and this court is convinced as to the remaining corporate defendants that their contacts with New York are either remote or legally insufficient to consider for jurisdictional purposes. The motion to dismiss as to all other moving corporations is consequently granted.
THE INDIVIDUAL DEFENDANT-STARKEY
The statements in the Referee’s report in the 1973 action that "CPLR 301 adds nothing to CPLR 302(a) as far as the individual defendant is concerned” and that "jurisdiction over an individual cannot rest on a finding that he is doing business in this State unless the cause of action arises out of that business” may well represent an accurate exposition of case law to date. But Starkey does do business here. In all but the physical, defendant Starkey is here, pervasively, unmistakably, undeniably, continuously, and substantially. Consequently, plaintiff asserts that such facts support the legal conclusion that he may be sued upon any cause of action whatsoever whether arising here or without the State.
New York heretofore faced with this problem held that jurisdiction could only be established over a nonresident individual where he is doing business here and the action arises out of that business (Civ Prac Act, § 229-b; Tomaselli v Martens, 283 App Div 742). The CPLR made no explicit extension of jurisdiction, but its legislative drafters allowed the courts latitude to develop prior concepts (1 Weinstein-Korn-Miller, NY Civ Prac, par 301.11). Certainly, as our attitude toward the corporate defendants indicates, a corporation or partnership could be sued here even though the action arose outside the State and is unrelated to the business transacted here (see, also, Pine & Co. v McConnell, 273 App Div 218, 223, affd 298 NY 27, 30). The problem is whether we are ready, or, considering accepted notions of fair play, if there is reason, to subject a nonresident to jurisdiction under like circumstances. *470 It is unquestionable as emphasized by the Referee in his report that such action would be constitutional and not offend existing notions of due process (Flexner v Farson, 248 US 289, supra; Doherty & Co. v Goodman, 294 US 623, supra; Restatement, Conflict of Laws 2d, § 35; see Wisc Stat Ann, § 262.05, subd [1], par [d]). For present purposes then, the problem is not whether New York has moved into this "Jurisdictional enclave”, but should it now do so.
Dean McLaughlin was reluctant to advise a departure from established principle. I do not find myself unwilling to do so. An individual’s constitutional rights are not invaded if maintenance of the suit does not offend traditional notions of fair play and substantial justice (International Shoe Co. v Washington, 326 US 310, 316, supra; Hanson v Denckla, 357 US 235, supra). From a practical viewpoint, imposition of jurisdiction upon Starkey, albeit constitutional, is not additionally onerous since he admittedly does do business here and draws substantial revenues from the State. He is "here” to suit his various commercial activities and interests. In fact his professional mobility is such that he makes appearances and does business in other parts of the United States, as well as Europe. It would not be an unwarranted assumption that defending lawsuits in this or other jurisdictions, related or unrelated to the reason for his presence, is an expected incident of his wide-ranging personal and professional activities.
New York has a wise policy, notwithstanding, its constitutional power, to refrain from imposing its jurisdiction too easily and unjustly upon nonresident individuals who would be handicapped or disadvantaged if called upon to defend an action here. However, I view the Starkey situation as a self-evident exception to the norm, justifying a departure from established principle and precedent, since he can appear and defend without disadvantage or handicap. I would, therefore, conclude that New York courts could and should under circumstances prevailing herein impose its jurisdiction. In this limited context, New York should not be denied the right to pass upon disputes brought against Starkey in this court. His motion to dismiss will for that reason be denied.
INCIDENTAL APPLICATIONS
Defendants urge that beyond jurisdictional considerations *471 the actions should be dismissed or at least stayed because an action has been instituted in the Chancery Division of the High Court of Justice in England charging ABKCO with breach of its management agreement and violation of its fiduciary duties. By affidavit dated September 15, 1975, we were recently informed that this matter is assigned a trial date for early January, 1977. The English action is urged as a predicate for dismissal on two grounds: (1) that it constitutes a prior action pending between the parties (CPLR 3211, subd [a], par 4) and (2) in support of the application of the doctrine of forum non conveniens. For alternative relief, movants request a stay of pending action until the English litigation is resolved (CPLR 2201). Neither ground justifies dismissal. Nor should a stay be granted.
Pendency of suit in a foreign jurisdiction does not support a dismissal on grounds of prior action pending. But ignoring that procedural difficulty, this court is not further satisfied the suit is for the same cause. Nor is the mere fact that there is an English action pending between the parties (where this plaintiff could assert counterclaims) in and of itself grounds for dismissal for the reason that New York is not a convenient forum. Forum non conveniens is an equitable doctrine. It requires a showing based upon a balancing of interests that the action is better adjudicated in another forum (Silver v Great Amer. Ins. Co., 29 NY2d 356; CPLR 327). Defendants have demonstrated no undue hardship in "marshalling proof’ or "requiring attendance of witnesses” as justification to refuse a domestic corporation, that is carrying on much of its activity here, a right of access to the courts of this State.
Nor is this court swayed by the proposition that English courts should resolve questions of English law, if at all applicable (Babcock v Jackson, 12 NY2d 473). My view is that too little is shown to require dismissal of the pending actions. The rights and interests of the respective parties can be fairly and intelligently adjudicated in the courts of this State.
Related considerations are involved in whether or not to invoke the general stay provisions of CPLR 2201. Suffice it to say such considerations do not urge this court to so act.
Nor does this court find dismissal warranted for nonjoinder of necessary parties. Complete relief can be afforded to all parties without further joinder.
Further, there is no basis to dismiss the complaints for legal insufficiency. Parenthetically, this court has separately consid *472 ered and passed upon that aspect of this matter (ABKCO Ind. v Lennon, NYLJ, Aug. 27, 1975, p 7, col 2).
ABKCO had previously moved to conduct discovery and sought production of documents in. aid of attachments. The corporate defendants Apple Corps Ltd., Subafilms Ltd., Apple Publishing Ltd., Harrisongs Ltd., and Startling Music Ltd. sought to stay such proceedings pursuant to CPLR 2201, 3103 and CPLR 3214 (subd b). In view of this court’s position on the jurisdictional issue and on the applications for a general stay or dismissal of the actions, any further stay of these pretrial proceedings is denied as unnecessary.
DISQUALIFICATION OF COUNSEL
During the period 1969-1973, while general counsel to plaintiff, ABKCO’s counsel acted for one or more members of the Beatles and/or the corporate network developed to exploit their interests. Movants argue that the fact of this representation in and of itself should motivate the court to require plaintiff’s counsel to withdraw from these lawsuits.
The voluminous affidavits and exhibits submitted by both sides appear to omit nothing remotely connected with the problem. It would serve little purpose to recite their respective contentions in detail. Suffice for present purposes to note that in their letter to the court, dated May 13, 1974, counsel for defendants forthrightly state that "we make no claim that plaintiff’s counsel received confidential information from the defendants when they were clients that would be used against the defendants”.
Their position is "that plaintiff’s counsel did receive as indeed any counsel engaged over a period on significant work for a client must necessarily receive in the ordinary course, confidential information that is substantially related to issues that will arise if these cases go forward in New York”.
They conclude that "The answer to the withdrawal does not in our view necessarily involve any question of the professional integrity of such counsel but rather turns upon established legal principles and precedents”.
There is, however, a distinction between an attorney representing conflicting interests at the same time (see Matter of Kelly, 23 NY2d 368) and the right of an attorney to act for a party suing a former client. The rules applicable to these disparate situations are neither the same nor coextensive. *473 Denial of a person’s right to choose specific counsel because the selected attorney had represented his adversary can only be sustained upon a finding that the attorney’ s activities in the pending case would impinge on the interests of the former client that he had once been retained to advance or protect (Evyan Perfumes v Hamilton, 22 Misc 2d 616, 12 AD2d 593; Matter of Dix, 21 Misc 2d 864, 870 et seq., affd 11 AD2d 555; see, also, T.C. Theatre Corp. v Warner Bros. Pictures, 113 F Supp 265, 268). Absent such a showing, a court will not require counsel’s withdrawal from the litigation (see Island Pa-vin Corp. v Klinger, 47 AD2d 627; Matter of Dix, 11 AD2d 555, supra; Matter of Mehler, 57 Misc 2d 122; Solomon v Hirsch, 35 Misc 2d 716; Clayton v Birdsboro Steel Foundry & Mach. Co., 12 Misc 2d 430, 431; see, also, Fleischer v A.A.P., 163 F Supp 548; cf Meyerhofer v Empire Fire & Mar. Ins. Co., 497 F2d 1190).
The mere fact of prior representation alone would not compel this court to grant the motion. Nor have the defendants by their papers demonstrated a significant relationship between their rights as previously protected by plaintiffs counsel and the issues in the pending lawsuits to justify such relief. In fact, the basis for the instant application seems unclear when one considers the fact that ABKCO by its present counsel had brought actions against certain of the named defendants to recover substantial sums. No motion to disqualify counsel was made in the earlier cases despite significant activity by counsel at that time. In view of the foregoing, this court sees no need for further inquiry into this matter (cf Evyan Perfumes v Hamilton, supra). The motion to disqualify counsel is in all respects denied.
Accordingly, applications to confirm the reports of the Referee, in whole or in part, are granted to the extent indicated herein. Those matters held in abeyance as discussed herein are disposed of similarly. Duplicate originals of this decision are to be filed in both the 1973 (Index No. 19258/73) and 1974 (Index No. 456/74) actions.
The fee of the Referee will be fixed upon settlement of the orders herein.
The parties also on settlement of the orders shall provide for release of the Referee’s exhibits, Klein exhibits and transcripts of depositions now temporarily on file with the County Clerk under Index No. 19258/73. A schedule of said material, approved and stipulated to by the parties, is to be submitted *474 to this court and said schedule, together with the Referee’s minutes (two volumes) is to be filed and made part of the permanent record of this court.
(Supplemental decision, November 25, 1975.)
The parties in furtherance of this court’s decision dated October 17, 1975 noticed for settlement certain orders and counterorders all supported by appropriate affidavits. In view of the positions being adopted by the parties in support of their respective orders this court is further supplementing the above-mentioned decision to clarify its position inferentially taken on certain matters as well as to resolve other issues raised. Orders are to be submitted by the parties in conformity with the original decision of October 17, 1975 and the following:
Motion by defendant McCartney to dismiss the action for failure to state a cause of action is denied. Although not making specific reference to this defendant this court by its original decision clearly found "no basis to dismiss the complaints for legal insufficiency”.
Motion by defendant Boreham, previously sued as John Doe I, in the nature of alternate relief, to stay or sever the action as against him individually is denied in all respects. In view of the position taken regarding the merits of his primary applications it is logically consistent that this court would not sever the cause of action pleaded against this alleged conspirator.
By motion made under the 1974 action (Numbered 2 of the Special Term, Part I calendar of May 8, 1975) the corporate defendants sought dismissal of the action for lack of subject matter jurisdiction (Business Corporation Law, § 1314, subd [b]). The foregoing section was evidently drafted to enable a foreign corporation defendant in certain cases to avoid suit on grounds that it should really not be sued in New York and in that respect is more closely related to CPLR 327. It should be construed with that relationship in mind. (See Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3211:12.) Again to restate our broader position on the CPLR 327 applications, this court finds that the rights and interests of the respective parties can be fairly adjudicated in the courts of this State. Moreover, we find no reason under the attendant *475 circumstances to require specific application of subdivision [b] of section 1314 of the Business Corporation Law. In accordance with our original determination of October 17, 1975 it is clear that Apple Corps Ltd. and Harrisongs Ltd. are doing business in New York. Considering the exception outlined by section 1314 (subd [b], par [5]) of the Business Corporation Law no dismissal is required. The same conclusion may be drawn with respect to the other corporate defendants. Certain obligations under the managerial contract required "performance” in New York. Hence no dismissal is required as the situation falls within the exception outlined in section 1314 (subd [b], par [1]) of the Business Corporation Law. (Cf. Wester v Casein Co. of Amer., 206 NY 506; Ceravit Corp. v Black Diamond S. S. Corp., 46 Misc 2d 979.)
The application for dismissal for lack of subject matter jurisdiction is accordingly denied in all respects.
Also by motion of afore-mentioned date defendants sought dismissal pursuant to CPLR 3211 (subd [a], par 9). Heretofore it was conceded that quasi-in-rem jurisdiction existed over all defendants. Now there appears some dispute whether quasi-in-rem jurisdiction exists as to Startling Music Ltd. In that regard it is clear the order of attachment served upon Fox (January 21, 1974) was effective and reached moneys held for Startling Music Ltd. at least in the amount of $12,383.58. The corporate defendants’ applications must in all respects be denied.
The reference to corporate defendants excludes Python Music Publishing Co., Inc. as plaintiff concedes that no jurisdiction of any type exists with respect to that corporation.
In connection with the foregoing, any and all motions to vacate attachments are specifically denied. CPLR 6220 discovery shall proceed. Further, there are no stays of any pretrial activity.
Plaintiffs attempt to provide for supervised discovery in the orders submitted shall be treated as an informal application for said relief and accordingly is denied, without prejudice to renewal at a later date should circumstances require.
The caption of the action in conformity with the decision of July 3, 1975 shall reflect Boreham as defendant in lieu of the John Doe designation.