In the Matter of NORMAN ERIC TEITLER, a Disbarred Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 29, 1993

APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Robert J. Saltzman* of counsel), for petitioner.

*Jerome Karp,* Brooklyn, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was admitted to practice by this Court on March 13, 1968. By order of this Court dated February 14, 1984, the respondent was disbarred *(Matter of Teitler,* 99 AD2d 152), and the Grievance Committee thereafter moved to punish him for contempt on the ground that he had violated the terms of his disbarment by representing towing concerns before the New York City Department of Consumer Affairs. By order of this Court dated August 29, 1991, that branch of the Grievance Committee's motion which was to punish the respondent for contempt of court was held in abeyance, the issues raised were referred to J. Mitchell Rosenberg, Esq., as Special Referee to hear and report, and the respondent was enjoined, in the interim, from appearing in a representative capacity before any New York City administrative agency.

The Grievance Committee served the respondent with a specification of charges dated November 7, 1991. The specification of charges alleged that the respondent was guilty of contempt of court as defined by Judiciary Law § 750 (A) (3); (B) and § 753 (A) (4), in willfully violating the terms of the order of disbarment dated February 14, 1984. The order of disbarment, dated February 14, 1984, directs that respondent "Desist and refrain: (1) from practicing law in any form, either as principal or as agent, clerk or employee of another; (2) from appearing as an attorney or counselor at law before any judge, justice, board, commission or other public authority; (3) from giving to another an opinion as to the law or its application, or any advice in relation thereto; and (4) from holding himself out in any way as an attorney and counselor at law".

The respondent had personal knowledge of the order of disbarment. Notwithstanding that knowledge, the respondent

represented various towing concerns in administrative hearings before the New York City Department of Consumer Affairs, commencing in or about 1989 and continuing into 1990. The respondent's representation included making personal appearances at hearings, in the course of which he conducted direct and cross-examination of witnesses and presented legal arguments to Hearing Officers.

In furtherance of his representation of clients before the Department of Consumer Affairs, the respondent prepared, filed, and submitted various legal documents, including but not limited to subpoenas, discovery demands, and briefs on appeal.

After an evidentiary hearing, the Special Referee found the respondent guilty of contempt beyond a reasonable doubt. Upon our review of the evidence adduced, we conclude that the Special Referee correctly found that the respondent had unlawfully represented clients before the Department of Consumer Affairs in violation of this Court's order of disbarment. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion to disaffirm is denied.

In determining an appropriate measure of discipline to impose, we have considered the respondent's affirmative defense that the rules and regulations of the New York City Department of Consumer Affairs expressly authorize lay persons to appear at administrative hearings as authorized representatives of towing concerns. The record, nevertheless, reveals that the respondent performed the functions of an attorney engaged in the representation of a client before a tribunal. Accordingly, the respondent is adjudged guilty of criminal and civil contempt in violation of Judiciary Law § 750 (A) (3) and (B) and § 753 (A) (4), is fined the sums of $500 and $500, respectively, and is directed to serve a term of 30 days' imprisonment.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and ROSENBLATT, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report, to adjudge the respondent to be in civil and criminal contempt of the order of this Court dated February 14, 1984, disbarring the respondent from the practice of law, is granted, and the respondent's cross motion to disaffirm the report of the Referee is denied; and it is further,

Ordered and adjudged that the respondent is guilty of civil contempt of court by reason of acting as an attorney and counselor-at-law without authority; and it is further,

Ordered and adjudged that upon his conviction of civil contempt of court the respondent shall be imprisoned in civil jail in an institution under the jurisdiction of the Commissioner of Correction of the City of New York pursuant to Administrative Code of the City of New York § 9-125 for a period of 30 days, and shall pay a fine of $500, and thereafter, in case of a default in the payment of such fine, until it be fully paid or an additional period of 30 days shall have expired; and it is further,

Ordered and adjudged that the respondent is guilty of criminal contempt of court by reason of his willful disobedience of the order of this Court dated February 14, 1984, and for his unlawful practice of law; and it is further,

Ordered and adjudged that upon his conviction of criminal contempt of court the respondent shall pay, in addition to the fine imposed upon his adjudication of civil contempt, a fine in the sum of $500, and in default in the payment thereof within 30 days after service upon him of a copy of this opinion, order, and judgment with notice of entry, he shall be imprisoned in an institution under the jurisdiction of the Commissioner of Correction of the City of New York until such fine is paid, or until a period of 30 days after his commitment to jail therefor shall have expired; and it is further,

Ordered that the respondent shall forthwith surrender himself to the Commissioner of Correction of the City of New York so that the sentence of imprisonment imposed on the adjudication that he is in civil contempt of court may commence; and it is further,

Ordered that in the event that the respondent fails to forthwith surrender himself as aforesaid, this opinion, order, and judgment shall constitute authority to any peace officer in whatever jurisdiction of the State in which the respondent may be found, to take the respondent into custody and thereupon to deliver him into the custody of the Commissioner of Correction of the City of New York so that the term of imprisonment imposed herein may commence.