[619 NYS2d 302]

In the Matter of JOSEPH GREENE, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, November 21, 1994

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Robert J. Saltzman* of counsel), for petitioner.

*Nicholas C. Cooper,* Brooklyn, for respondent.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the respondent was charged with 17 allegations of professional misconduct, one of which was withdrawn by the petitioner at the conclusion of the hearing. The Special Referee sustained all 16 remaining charges. The Grievance Committee moved to confirm the report of the Special Referee. The respondent cross-moved to hold the petitioner's motion in abeyance, to remit the matter to the Special Referee for the purpose of permitting the respondent to conduct a full and complete cross-examination of a complainant, including providing the respondent with complete access to the witness's contemporaneous notes, or, disaffirming the Special Referee's report on the ground that his findings were contrary to the law and against the weight of the evidence.

Charge One alleged that the respondent submitted to an insurance carrier documents bearing forged and improperly affixed signatures in the context of his representation of a client in connection with her claims for injuries she sustained from a fall on New York City Transit Authority property. On or about February 23, 1991, the respondent forwarded to the Transit Authority a general release bearing the purported signature of the client. The client's signature had been forged. On that same date, the respondent forwarded to the Transit Authority an affidavit purportedly executed by the client. That document had previously been signed by the client in blank.

Charge Two alleged that the respondent improperly negotiated a client's settlement draft based upon a forged endorsement. In or about March 1991, the New York City Transit Authority forwarded to the respondent a settlement draft payable to "[the client] and Joseph Greene, Attorney." The client's endorsement was forged on that draft. That draft was deposited into an account maintained by the respondent at the Bank of New York.

Charge Three alleged that the respondent settled a client's claim without permission or authorization in that he settled the client's claim against the New York City Transit Authority without the client's prior consent or authorization.

Charge Four alleged that the respondent submitted to the Grievance Committee a materially false and misleading an-

swer to a complaint. In his May 21, 1991 answer to the complaint of the client, the respondent stated that the client had agreed to the settlement offer and signed the "closing papers." In fact, the client had not agreed to the settlement offer and had not knowingly signed any settlement documents.

Charge Five alleged that the respondent failed to timely file a closing statement with the Office of Court Administration within 15 days after receipt of the client's settlement proceeds. The respondent filed a closing statement only after being requested by the Grievance Committee to produce a copy.

Charge Seven alleged that the respondent improperly handled client settlement proceeds in connection with his representation of a client with respect to his claim for injuries sustained in an automobile accident on or about May 25, 1985. The Travelers Insurance Company issued a settlement draft in the sum of $10,000 on or about June 23, 1986, payable to the order of a client and Joseph Greene, as attorney. The settlement draft was improperly cashed at P.S.C. Check Cashing Service.

Charge Eight alleged that the respondent failed to timely file retainer and closing statements with the Office of Court Administration within 30 days of being retained by a client in September 1985. Following the settlement of the client's claim in June 1986 the respondent failed to file a closing statement with the Office of Court Administration within 15 days of his receipt of settlement proceeds.

Charge Nine alleged that the respondent settled a client's claim without permission or authorization and failed to promptly advise a client of the receipt of his funds. The respondent substituted for Stuart R. Kramer as attorney for a plaintiff, who was injured in an automobile accident on September 18, 1980. The respondent settled the plaintiff's claim in or about May 1986 for $7,000. The respondent had failed to obtain the plaintiff's permission to settle his claim. After receiving the settlement proceeds in or about August 1986 the respondent failed to advise the plaintiff of that fact.

Charge Ten alleged that the respondent improperly handled client settlement proceeds. On or about June 12, 1986, Foremost Insurance Company issued a settlement draft in the sum of $7,000, payable to "[a client] and Joseph Greene, P. C." The settlement draft was cashed on or about August 27, 1986, at P.S.C. Check Cashing Service. The respondent failed to promptly tender the settlement proceeds to his client.

Charge Eleven alleged that the respondent made improper payments of legal fees to a disbarred or suspended lawyer. Stuart Kramer was suspended from the practice of law in the State of New York by this Court on or about April 8, 1985. On or about December 1, 1986, Stuart Kramer was disbarred by further order of this Court. Between approximately October 28, 1985 and June 22, 1988, the law office of Joseph Greene, P. C. issued a series of checks, totalling approximately $601,500, payable to Stuart Kramer. Said checks represented a percentage of legal fees paid to the respondent on contingent fee personal injury matters.

Charge Twelve alleged that the respondent represented adverse and conflicting interests in connection with an automobile accident occurring on or about June 4, 1978. The respondent represented a person involved in the accident. The adverse and conflicting interests of another person, who was injured in the same accident, were represented by Larry E. Ribowsky. The respondent and Mr. Ribowsky were associated in the practice of law during the period of adverse and conflicting representation.

Charge Thirteen alleged that the respondent neglected a legal matter entrusted to him. The respondent was substituted as attorney for a claimant in connection with her claim for personal injuries sustained in a July 1981 automobile accident. The claim was marked off the calendar on or about February 13, 1986, after several adjournments. The respondent took steps to resolve the claim only after receiving her complaint of professional misconduct from petitioner Grievance Committee.

Charge Fourteen alleged that the respondent requested that a client sign a fraudulent affidavit. The respondent requested that the claimant sign an affidavit for the purpose of restoring her claim to the calendar. The affidavit contained the false statement that the claimant had been unavailable.

Charge Fifteen alleged that the respondent neglected a legal matter entrusted to him and submitted a false and misleading answer to the Grievance Committee. On or about December 14, 1987, the respondent substituted as attorney of record for a client in connection with her claim for personal injuries sustained in November 1982 as the result of an automobile accident. The client's case was subsequently dismissed for lack of prosecution.

In his answer to the Grievance Committee's inquiry, the

respondent made the following false and misleading statements: "at no time was Mr. Greene's office substituted in this case", "he expressly declined to assume any responsibility for the matter", and "there never was any attorney/client relationship between himself and [the client]".

Charge Sixteen alleged that the respondent neglected a legal matter entrusted to him with respect to his representation of a client in connection with her claim for personal injuries sustained in a February 1984 automobile accident. In or about 1988, the defendant served a 90-day notice demanding that the matter be placed on the Trial Calendar. The respondent failed to take any action with respect to his notice, resulting in the client's matter being dismissed in 1989. The respondent failed to promptly advise his client of the dismissal.

Charge Seventeen alleged that the respondent engaged in a pattern of failing to communicate with clients, including but not limited to 10 named clients.

After reviewing the evidence and exhibits adduced, we conclude that the Special Referee properly sustained Charges One through Five and Seven through Seventeen. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted and the respondent's cross motion is denied in its entirety.

In determining an appropriate measure of discipline to impose, we have taken into consideration the respondent's previously unblemished record. The respondent has, nevertheless, engaged in a pattern of misconduct which is clearly damaging to the public and which warrants his disbarment.

MANGANO, P. J., THOMPSON, SULLIVAN, BALLETTA and RITTER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is denied in its entirety; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Joseph Greene, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Joseph Greene is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.