[649 NYS2d 937]

In the Matter of JOSEPH GREENE, a Disbarred Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, November 12, 1996

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Robert J. Saltzman* of counsel), for petitioner.

*Nicholas C. Cooper,* Wayne, Pennsylvania, for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice by this Court on March 25, 1959. By opinion and order of this Court dated November 21, 1994 (205 AD2d 218), the respondent was disbarred and the Grievance Committee thereafter moved to punish him for contempt on the ground that he had failed to timely file an affidavit of compliance within 10 days of the effective date of the order of disbarment, pursuant to 22 NYCRR 691.10 (f). The disbarment order, dated November 21, 1994, was effective immediately and was served by the petitioner on November 28, 1994. By order of this Court dated January 18, 1995, the respondent's motion for an extension of the effective date of his disbarment, on the ground that he required a period of at least 30 days beyond the date that he received actual notice of the disbarment order to wind down his practice, was denied. The respondent's affidavit of compliance was not filed with this Court until January 24, 1995. Prior thereto, Grievance Counsel's letter to the respondent's counsel, dated December 23, 1994, advising him that an application for contempt sanctions might result if the affidavit was not filed forthwith, went unanswered.

The Grievance Committee served the respondent with a Specification of Contempt Charges dated February 27, 1995. The Specification of Contempt Charges set forth, in pertinent part:

"1. By order of the Appellate Division, Second Judicial Department dated November 21, 1994, respondent was disbarred from the practice of law, effective immediately.

"2. Said order provided, *inter alia,* 'that the respondent shall promptly comply with this court's rules concerning the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10)'

"3. Respondent had actual knowledge of said order on November 28, 1994.

"4. Pursuant to the Appellate Division's Rules, 22 NYCRR 691.10 (f), respondent was required to file with the Court, an affidavit of compliance within ten (10) days of the effective date of said order.

"5. Respondent intentionally and wilfully failed to obey the Appellate Division's order and rules by not filing an affidavit of compliance until on or about January 17, 1995.

"6. Said affidavit was filed only after Petitioner had moved for contempt sanctions based upon respondent's failure to comply, and after an earlier warning letter failed to obtain compliance".

At the evidentiary hearing before the Special Referee, an Assistant Corporation Counsel who was authorized to settle cases against the Housing Authority testified that by letter dated February 21, 1995, she had forwarded to the respondent a $15,000 settlement check made out to the client and the respondent, as attorney. That check was deposited into the respondent's escrow account. Had the witness known of the respondent's disbarment, she would not have directly authorized issuance of the settlement check without first clearing it with a supervisor on how to proceed. In addition to the Housing Authority's check, a $7,500 settlement check payable to the respondent's client and to himself, as attorney, was deposited into the respondent's escrow account on December 21, 1994. Also admitted into evidence at the hearing was a series of five checks drawn against the respondent's escrow account and drafted after the respondent's disbarment. Two of those checks were payable to the respondent's order.

The Special Referee found that the respondent's failure to timely file an affidavit of compliance was willful, under the circumstances, and found him guilty of contempt beyond a reasonable doubt. Upon our review of the evidence adduced, we conclude that the Special Referee correctly found that the respondent was guilty of contempt of court for his contumacious violation of the order of disbarment. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted to the extent that the respondent is adjudged to be in criminal contempt of this Court's order of disbarment and that branch of the Grievance Committee's motion which is to adjudge the respondent to be in civil contempt of court is denied. The respondent should not be adjudicated in civil contempt inasmuch as there was no showing that his actions were calculated to or actually did defeat, impair, or prejudice the rights or remedies of a party to a civil proceeding (see, Judiciary Law § 753; *Seril v Belnord Tenants Assn.,* 139 AD2d 401; *Oppenheimer v Oscar Shoes,* 111 AD2d 28, 29). The respondent's cross motion to disaffirm the Special Referee's report and to dismiss the contempt proceeding or to limit the

sanction to a monetary fine is granted solely to the extent that the respondent is not adjudicated in civil contempt pursuant to Judiciary Law § 753.

In determining an appropriate measure of discipline to impose, we have considered the respondent's affirmative defense that the Specification of Charges fails to state a violation of Judiciary Law § 750 in that facts sufficient to establish that the respondent willfully disobeyed or disregarded a lawful mandate of the Court are not alleged. The testimony nevertheless reveals that the respondent did not timely file an affidavit of compliance inasmuch as he was continuing to accept client settlement proceeds after the effective date of his disbarment. Accordingly, the respondent is adjudged guilty of criminal contempt in violation of Judiciary Law § 750 (A) (3) and is directed to serve a term of 10 days' incarceration.

MANGANO, P. J., ROSENBLATT, MILLER, O'BRIEN and RITTER, JJ., concur.

Ordered that those branches of the petitioner's motion which were to confirm the Special Referee's report, and to adjudge the respondent to be in criminal contempt of the opinion and order of this Court dated November 21, 1994, disbarring the respondent from the practice of law, are granted, the respondent is adjudged to be in criminal contempt of court, that branch of the petitioner's motion which is to adjudge the respondent to be in civil contempt of court is denied, that branch of the respondent's cross motion which sought to disaffirm the finding that the respondent is guilty of civil contempt is granted, and the cross motion is otherwise denied; and it is further,

Ordered that upon his conviction of criminal contempt of court, the respondent shall be imprisoned under the jurisdiction of the Commissioner of the New York City Department of Correction for 10 days; and it is further,

Ordered that the respondent shall forthwith surrender himself to the Commissioner of the New York City Department of Correction so that the sentence of imprisonment imposed on the adjudication that the respondent is in criminal contempt of court may commence; and it is further,

Ordered that in the event that the respondent fails to forthwith surrender himself as aforesaid, this opinion, order, and judgment shall constitute authority to any peace officer, in whatever jurisdiction of the State in which the respondent

may be found, to take the respondent into custody and thereupon to deliver him into the custody of the Commissioner of the New York City Department of Correction so that the term of imprisonment imposed herein may commence.