OPINION OF THE COURT
Sandra J. Feuerstein, J.
The petitioner, Spencer Lader, is a disbarred attorney by virtue of an order of the Appellate Division, Second Department, dated November 22, 1982, which accepted his resignation and struck his name from the roll of attorneys and counselors-at-law (Matter of Lader, 90 AD2d 837). Mr. Lader’s resignation was prompted by allegations that he had, inter alia, defrauded clients and others into entrusting large sums of money to him, forged documents, issued checks on accounts with insufficient funds and failed to maintain a proper escrow account. Subsequent to his resignation, Mr. Lader was convicted of a felony and sentenced to prison.
Apparently, in late 1995, the Nassau County District Attorney referred a complaint to the respondent, Grievance Committee for the Tenth Judicial District (Grievance Committee), that Mr. Lader, under the company name "Consultants for All Professions”, had solicited personal injury claims and had been paid thousands of dollars by a Nassau County law firm.
Thereafter, in June 1996, the Grievance Committee issued two separate judicial subpoenas, which were "so ordered” by Martin H. Brownstein, Chief Clerk of the Supreme Court, Appellate Division, Second Department. These subpoenas were served upon Chase Manhattan Bank and sought copies of all information and documentation regarding the opening of the account in the name of "Consultants for All Professions” and/or Spencer Lader, and copies of all deposits made into the account between January 1, 1992 and May 31, 1996.
In July 1996, the Grievance Committee issued two more "so ordered” judicial subpoenas, this time served upon Mr. Lader, c/o Ronald Russo, Esq., his attorney. These subpoenas directed Mr. Lader to appear and give testimony and requested all bank records regarding "Consultants for All Professions”.
Following negotiations with respondent Frank A. Finnerty, Jr., Chief Counsel of the Grievance Committee, Mr. Lader agreed to produce some bank records. However, Mr. Finnerty was not satisfied with the voluntary disclosure and demanded immediate compliance with the subpoenas.
*301 Mr. Lader has commenced this CPLR article 78 proceeding seeking a writ of prohibition to prevent the respondents from continuing their investigation of him based upon the contention that the respondents lack jurisdiction to investigate a layperson which, according to Mr. Lader, he became following his disbarment.
Initially, the only issue which may properly be raised in a proceeding such as this is whether a "body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction” (CPLR 7803 [2]). Such a proceeding may be maintained against a body or officer acting in a quasi-judicial manner (CPLR 7802).
Ordinarily, a matter involving questions of attorney misconduct would have to be transferred to the Appellate Division, Second Department, for determination (Judiciary Law § 90). However, because this application does not seek a determination regarding allegations of attorney misconduct, but rather seeks a determination that the respondents, acting in a quasi-judicial manner, have exceeded their jurisdiction, this court has the authority to entertain the petitioner’s application for prohibition (see, Taub v Committee on Professional Stds., 200 AD2d 74; see also, Matter of Nicholson v State Commn. on Judicial Conduct, 50 NY2d 597).
Turning to the merits of the application, the law is well settled that the extraordinary remedy of prohibition is appropriate only where there exists a " 'clear legal right’ ” to such relief (Matter of Nicholson v State Commn. on Judicial Conduct, supra, at 605, quoting Matter of Dondi v Jones, 40 NY2d 8, 13), and only when a body or officer "acts or threatens to act without jurisdiction in a matter over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction” (Matter of State of New York v King, 36 NY2d 59, 62).
Thus, the threshold question is whether the respondents are, in fact, acting in excess of their jurisdiction. The petitioner contends that according to 22 NYCRR part 691, the respondents only have jurisdiction to investigate attorneys. Therefore, because Mr. Lader is no longer an attorney, he asserts that the respondents are proceeding without jurisdiction.
The petitioner’s contention is meritless. There can be no dispute that the Grievance Committee may institute a motion for contempt based upon a disbarred attorney’s violation of his order of disbarment (see, Matter of Greene, 225 AD2d 273; Matter of Teitler, 189 AD2d 162; Matter of Michalek, 180 AD2d 67). *302 While the above cases do not specifically address whether the Grievance Committee may investigate a disbarred or suspended attorney, it would be absurd to authorize the Grievance Committees to institute motions for contempt but not permit a preliminary investigation in order to substantiate the allegations of the motion. To hold otherwise would be to interpret the above-cited cases to encourage the Grievance Committees to initiate possibly unwarranted proceedings.
In addition, 22 NYCRR 691.10, entitled "Conduct of disbarred, suspended or resigned Attorneys”, provides the following:
"(a) Compliance With Judiciary Law. Disbarred, suspended or resigned attorneys-at-law shall comply fully and completely with the letter and spirit of sections 478, 479, 484 and 486 of the Judiciary Law relating to practicing as attorneys-at-law without being admitted and registered, and soliciting of business on behalf of an attorney-at-law and the practice of law by an attorney who has been disbarred, suspended or convicted of a felony * * *
"(j) Required Records. A disbarred, suspended or resigned attorney shall keep and maintain records of the various steps taken by him under this Part so that, upon any subsequent proceeding instituted by or against him, proof of compliance with this Part and with the disbarment or suspension order or with the order accepting the resignation will be available.”
Accordingly, the Appellate Division, Second Department, has retained jurisdiction over disbarred attorneys. Although there is no specific enforcement provision, the Grievance Committee, necessarily being familiar with the subject matter, would be the proper body to enforce the order of disbarment.
Contrary to Mr. Lader’s belief, he is not simply "a lay citizen”, but a disbarred attorney and is still, therefore, subject to the jurisdiction of the Grievance Committee for contempt of the order of disbarment.
The petitioner asserts that only the Attorney-General and, in some cases, various duly appointed bar associations, have the specific authority to investigate claims of "unlawful practice of the law” (Judiciary Law § 476-a; 22 NYCRR 691.21). However, there is no indication that the respondents are seeking to charge the petitioner with "unlawful practice of the law” and there is no authority for the proposition that the Grievance Committee cannot conduct a concurrent investigation regarding possible contempt of the order of disbarment, *303 while the Attorney-General investigates possible "unlawful practice of the law”. Indeed, there may be situations where the allegations of contempt do not involve "unlawful practice of the law”. Therefore, Mr. Lader has not demonstrated a "clear legal right” to a writ of prohibition and his petition is dismissed.
The court notes that even if the petitioner had established a clear legal right to the relief sought, this court would still deny his application based upon an exercise of its discretion. (See, Matter ofDondi v Jones, 40 NY2d, supra, at 13.) In exercising its discretion the court must weigh the following factors: (1) the gravity of the harm caused by the use of excessive power; (2) the availability or unavailability of an adequate remedy on appeal or at law or in equity; and (3) the remedial effectiveness of prohibition if such an adequate remedy does not exist (see, Matter of Dondi v Jones, supra, at 13; see also, Matter of Rush v Mordue, 68 NY2d 348, 354). The gravity of the harm to the petitioner by the Grievance Committee’s investigation is greatly outweighed by the public’s interest in being protected from the unscrupulous conduct of disbarred attorneys. Additionally, Mr. Lader has an adequate alternate remedy to this proceeding; he may move to quash the subpoenas in the court that issued them — the Appellate Division, Second Department.