In the Matter of MARCIA SHEILA KASDAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 8, 1990

**APPEARANCES OF COUNSEL**

*Rosemary F. Palladino* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Donald Horowitz* for respondent.

**OPINION OF THE COURT**

Per Curiam.

By petition, dated February 15, 1990, the Departmental

Disciplinary Committee (DDC) of this Department seeks an order, pursuant to Judiciary Law § 90 (2) and 22 NYCRR 603.3, to, in substance, suspend Ms. Marcia Sheila Kasdan (respondent) from the practice of law in this State, based upon an order of the New Jersey Supreme Court, entered on or about June 19, 1989, suspending the respondent from the practice of law in New Jersey for a period of three months, effective July 17, 1989, and until further order of that court.

In 1978, respondent was admitted to the practice of law in the State of New Jersey, and thereafter, on October 5, 1981, this court admitted respondent to practice as an attorney and counselor-at-law in the State of New York.

Between 1984 and 1987, six complaints of professional misconduct against respondent were filed with the Ethics Committees of Districts IIA and IIB, Bergen County, New Jersey, and those complaints alleged, in substance, neglect of legal matters, misrepresentation to clients of the actual status of those legal matters, and issuance of a check from respondent's trust account, knowing that the amount of funds in that account were insufficient to cover that check. After the allegations summarized *supra* had been sustained by two hearing panels, the Ethics Committees of Districts IIA and IIB submitted three presentments against respondent to the New Jersey Disciplinary Review Board (Board).

Subsequent to the review of the facts, the Board forwarded to the New Jersey Supreme Court a report, dated April 12, 1989, containing its decision and recommendation. In its order, the New Jersey Supreme Court adopted the findings of the Board that respondent was guilty "of numerous instances of unethical conduct, including instances where respondent misrepresented the status of matters to clients and failed to communicate with them, in violation of *DR* 1-102 (A) (4) and *DR* 7-101 (A) (2), and in being grossly negligent by closing title in a matter without collecting sufficient funds from her clients, in violation of *RPC* 1.1 (a)". Further, based upon those findings of guilt, that court "suspended [respondent] from the practice of law for three months * * * and until further order of the Court".

Respondent opposes the DDC's application for suspension and requests a hearing. Although respondent contends that there were mitigating factors for her New Jersey misconduct, such as the serious illnesses of members of her family, she unequivocally admits "[m]y personal problems and their resul-

tant impact upon my personal conduct do not excuse my actions".

In 22 NYCRR 603.3 (a), it is provided that "[a]ny attorney to whom this Part shall apply, pursuant to section 603.1 of this Part who has been disciplined in a foreign jurisdiction, may be disciplined by this court because of the conduct which gave rise to the discipline imposed in the foreign jurisdiction. For purposes of this Part, foreign jurisdiction means another state, territory or district".

We find disturbing the New Jersey Board's finding that, "[w]hen the client continued to exert pressure on respondent for some sort of verification that litigation was indeed pending, respondent, in the client's presence, drafted and typed a false pleading for the purpose of deceiving the client into believing that suit had been instituted".

Further, twice previously, respondent has been disciplined in this State, since, in 1985 and 1988, she received admonishments from the DDC, concerning the neglect of "legal matters entrusted to her".

The DDC contends that respondent has failed to cooperate with same, since she has not produced certain bank records requested by them. Although, respondent argues that she has cooperated, based upon our examination of the record, we find merit to the DDC position.

We deny respondent's request for a hearing, since she has failed to set forth any of the defenses enumerated in 22 NYCRR 603.3 (c).

Respondent's period of suspension in New Jersey has expired, and her petition for reinstatement is presently pending.

In *Matter of Rotwein* (20 AD2d 428, 429 [1st Dept 1964]), we stated "[i]t has been repeatedly enunciated that the purpose of disciplinary proceedings is not punishment per se but protection of the public".

In sum, based upon the circumstances of respondent's pattern of misconduct in New Jersey, including filing a false pleading, her prior record of discipline in this State, and her noncooperation with the DDC, we find that respondent should be suspended.

Accordingly, we grant the DDC's application, and suspend respondent from the practice of law in this State for a period of six months, effective 30 days after the entry of this court's order, and until further order of this court.

MURPHY, P. J., KUPFERMAN, SULLIVAN, ROSS and CARRO, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of six months, effective December 10, 1990, and until the further order of this court.