[618 NYS2d 21]

In the Matter of LAURENCE Y. SOLARSH (Admitted as LAURENCE YAEL SOLARSH), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 27, 1994

## APPEARANCES OF COUNSEL

*Jeremy S. Garber* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Arthur S. Olick, John H. Doyle, III,* and *Susan M. Marotta* of counsel *(Anderson Kill Olick & Oshinsky, P. C.,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Laurence Y. Solarsh was admitted to the practice of law in New York by the Second Judicial Department on November 14, 1979 under the name Laurence Yael Solarsh. At all times relevant herein respondent has maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee seeks an order confirming the findings and conclusions of the Hearing Panel, which found respondent guilty of having neglected two legal matters in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]), of having knowingly made a false statement of law or fact in violation of DR 7-102 (A) (5) (22 NYCRR 1200.33 [a] [5]), and of having submitted falsified documents to his clients for the purpose of forestalling their inquiries concerning these matters in violation of DR 1-102 (A) (4), (5) and (7) (formerly DR 1-102 [A] [6], now DR 1-102 [A] [8]) (22 NYCRR 1200.3 [a] [4], [5], [7]), and imposing upon respondent whatever sanction as the Court deems just but no less severe than the six-month suspension recommended by the Hearing Panel.

While there is no question that respondent is, as he concedes, guilty of the within misconduct, which is of a serious nature, we agree with the Panel that there are substantial mitigating factors relevant to the appropriate penalty to be imposed. These factors include respondent's lack of any prior disciplinary record and, in matters other than those involved in the within proceedings, his general reputation for responsible and highly competent legal work, his complete cooperation involving the within proceedings and clear remorse, the very heavy pressures on respondent at the time of his misconduct from both his work as well as his family responsibilities, including the care of a handicapped child, the lack of any indication that he was motivated to engage in misconduct by personal gain of any sort, the substantial negative consequences for respondent which have already ensued from his misconduct, and the finding by the Panel that, after hearing the testimony and reviewing all the evidence it was "as confident as [it] could be that respondent's acts were aberrational in nature and that they will not be repeated." In light of these numerous factors in mitigation, we find that the Panel's recommended sanction of a six-month suspension is

appropriate *(see, Matter of Glotzer,* 191 AD2d 112; *Matter of Kasdan,* 164 AD2d 90).

We therefore find that petitioner's motion to confirm the Hearing Panel's findings of fact and conclusions of law should be granted and that respondent should be suspended from the practice of law for a period of six months from the date of this order and until further order of this Court.

SULLIVAN, J. P., ROSENBERGER, ELLERIN, KUPFERMAN and Ross, JJ., concur.

The application is granted, the Hearing Panel's report is confirmed, and respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of six months, effective November 28, 1994, and until the further order of this Court.