[633 NYS2d 778]

In the Matter of JOHN S. JAGIELA, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 16, 1995

## APPEARANCES OF COUNSEL

*Elyse N. Post* of counsel (*Hal R. Lieberman,* attorney), for petitioner.

*John S. Jagiela,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent, John S. Jagiela, was admitted to the practice of law in the State of New York by the First Judicial Department on July 8, 1976. He was also admitted to practice as an attorney and counselor-at-law in the State of Minnesota on September 26, 1975.

In or about April 1993, the Office of Lawyers Professional Responsibility in Minnesota charged respondent with professional misconduct in a petition filed in the Supreme Court of Minnesota.

Following a four-day evidentiary hearing, a Referee found that respondent committed professional misconduct and recommended a one-year suspension from the practice of law in Minnesota. The Referee concluded that respondent violated rules 3.3 (a) (1) and (4); 3.4 (b) and (d); 4.1, and 8.4 (c) and (d) of the Minnesota Rules of Professional Conduct. The Referee, by clear and convincing evidence, made the following findings:

(1) Respondent created a back-dated agreement in a bankruptcy proceeding for execution by his client. Further, respondent submitted the back-dated agreement to opposing attorneys during discovery, depositions and trial, without disclosing that testimony relating to the date and creation of the agreement was false. Also, respondent falsely stated to the court in a brief and in pleadings that the agreement had been executed in 1988 and offered the back-dated agreement in evidence;

(2) Respondent signed a misleading affidavit concerning the amount of attorney fees that his co-counsel received in a related proceeding; and,

(3) The Referee concluded that respondent committed no misconduct by receiving $50,000 directly from a client without informing his firm of having received that money and deducting a portion of his firm's bill to that client. The Referee found that while respondent's failure to inform his law partners about the $50,000 fee may have violated a fiduciary duty, his firm waived any claim to these funds in their termination agreement.

Finally, the Referee recommended that respondent be suspended from the practice of law for one year.

The Supreme Court of Minnesota, in an order dated June 10, 1994, confirmed the Referee's report but ordered that respon-

dent be suspended from the practice of law for six months, and that prior to reinstatement he successfully complete the professional responsibility portion of the Bar exam within one year of the court's suspension order.

By order of the Supreme Court of Minnesota dated June 13, 1995, respondent was reinstated as an attorney and counselor-at-law to the practice of law in Minnesota following a hearing.

The Departmental Disciplinary Committee now seeks an order pursuant to 22 NYCRR 603.3 suspending respondent for a period of six months in New York based upon the six-month suspension imposed by the Supreme Court of Minnesota, or in the alternative, sanctioning respondent as this Court deems appropriate.

In opposition to the Committee's petition, respondent asserts that he is entitled to a hearing on defenses raised pursuant to 22 NYCRR 603.3 (b) and asks that this Court not impose discipline without a hearing.

Respondent requests that this Court refer this matter for a hearing as to the defenses raised pursuant to 22 NYCRR 603.3 (c); or, that this Court impose no more than a public censure; or, in the event that this Court deems it just and proper to impose a sanction consisting of a suspension in this matter, then the suspension should not exceed the six-month suspension imposed by the Minnesota Supreme Court and should be coextensive with the six-month suspension imposed by the Minnesota Supreme Court and effective nunc pro tunc from June 10, 1994.

Rules of this Court (22 NYCRR) § 603.3 (a) provides as follows: "Any attorney to whom this Part shall apply, pursuant to section 603.1 of this Part who has been disciplined in a foreign jurisdiction, may be disciplined by this court because of the conduct which gave rise to the discipline imposed in the foreign jurisdiction. For purposes of this Part, foreign jurisdiction means another state, territory or district."

In a proceeding brought pursuant to 22 NYCRR 603.3 only certain defenses may be raised by the respondent which if raised would require a hearing. Those defenses are set forth in 22 NYCRR 603.3 (c) which provides as follows:

"(c) Only the following defenses may be raised:

"(1) that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

"(2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this

court could not, consistent with its duties, accept as final the finding in the foreign jurisdiction as to the attorney's misconduct; or

"(3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this jurisdiction."

In the case at bar, respondent, in support of his request for a hearing in this matter, attempts to raise two of the defenses enumerated in section 603.3 (c). Respondent claims that he was deprived of due process in the Minnesota proceeding because the court failed to adjourn the disciplinary proceeding until after a decision was rendered in a civil trial in Nevada which involved the same allegations against respondent and that there was an infirmity of proof establishing his misconduct in the Minnesota proceeding because the Referee failed to apply Nevada law in deciding the legal validity of the August 18, 1988 Sharing Agreement.

At the outset, the record shows that respondent was provided with sufficient notice and an opportunity to be heard on the charges and thus, it cannot be concluded that he was deprived of due process during the Minnesota proceeding so as to warrant this Court granting a hearing before imposing a sanction in this matter. The fact that the Minnesota court failed to adjourn the disciplinary proceeding pending the outcome of a related civil action in Nevada has no bearing on whether respondent was provided with sufficient notice and had an opportunity to be heard on the disciplinary charges in Minnesota. Furthermore, the fact that the Nevada court found that the August 1988 Sharing Agreement was not intended to and did not in fact cause harm to any person is inconsequential to the issues involved in the disciplinary case in Minnesota, to wit, whether respondent created a back-dated agreement in a bankruptcy proceeding, submitted it during discovery, depositions and trial and stood by and failed to disclose that testimony related to the date and creation of the agreement was false.

Respondent's further claim that there was an infirmity of proof of misconduct in the Minnesota proceeding because the Referee failed to apply Nevada law in deciding the legal validity of the August 1988 Sharing Agreement is also without merit. While respondent may or may not have been civilly liable for his actions in the Nevada action, such has no bearing upon the issues presented to the Minnesota court concerning respondent's professional misconduct.

Thus, the defenses which respondent attempts to raise which would warrant this Court granting a hearing before imposing

reciprocal discipline are either not supported by the record or are without merit.

Respondent also attempts to relitigate the merits of the Minnesota disciplinary proceeding and claims that his actions warrant no more than the imposition of a public censure. However, as set forth in section 603.3 (c) only the defenses enumerated in that section may be raised in a reciprocal proceeding. Otherwise, the findings of the foreign jurisdiction are conclusive on the merits and cannot be contested in this proceeding.

With respect to sanction, in reciprocal disciplinary cases, such as this, it is generally accepted that the State where respondent lived and practiced law at the time of the offense has the greatest interest in the issue and the public policy considerations relevant to such disciplinary actions. (*See, Matter of Reiss,* 119 AD2d 1.)

This Court has consistently frowned upon false submissions to a court and the sanction for engaging in such conduct has ranged from disbarment (*Matter of Kleiman,* 107 AD2d 241 [where a pattern of submitting false documents to various courts was involved]) to a short period of suspension (*Matter of Kasdan,* 164 AD2d 90 [where the attorney filed a false pleading in order to cover up her neglect of a legal matter]) depending upon the mitigating factors presented in the case.

While the Disciplinary Committee contends that this case is similar to *Matter of Klein* (183 AD2d 279), where an attorney was suspended for two years for back-dating numerous mailing certificates submitted to the Patent and Trademark Office (PTO) and giving false answers to the PTO upon their inquiry, in *Klein,* a pattern of misconduct was involved in that the attorney, in order to hide his neglect, falsely certified the dates on 11 documents he submitted to the PTO and, thereafter, refused to accept responsibility for his actions. Thus, it appears that the misconduct in *Klein* is more egregious than that involved in the instant case. Furthermore, since this is a reciprocal proceeding, we accord great weight to the foreign jurisdiction on the issue of sanction.

With respect to respondent's request that the suspension be imposed nunc pro tunc to June 10, 1994, such request is denied. Although respondent has now been reinstated as an attorney and counselor-at-law in Minnesota and it may cause hardship for him to be suspended at this late date in New York, part of the delay of the Committee in commencing this proceeding in New York was due to the fact that respondent failed to promptly notify the Committee or this Court, as required by 22

NYCRR 603.3 (d), of the discipline imposed by the Minnesota court.

Accordingly, the Departmental Disciplinary Committee's petition is granted and respondent is suspended from the practice of law for a period of six months pursuant to the doctrine of reciprocal discipline as set forth in 22 NYCRR 603.3, predicated upon the fact he was similarly disciplined by the Supreme Court of Minnesota on June 10, 1994; respondent's request that the suspension be imposed nunc pro tunc as of June 10, 1994 is denied and respondent's suspension is effective forthwith.

SULLIVAN, J. P., ROSENBERGER, ROSS, ASCH and TOM, JJ., concur.

Petition granted and respondent is suspended as an attorney and counselor-at-law for a period of six months, effective immediately, and until the further order of this Court. Respondent's request that suspension, if any, be imposed nunc pro tunc as of June 10, 1994 is denied.