■ In the Matter of ANONYMOUS, an Attorney, Petitioner, v GRIEVANCE COMMITTEE OF THE STATE OF NEW YORK, 10TH JUDICIAL DISTRICT, et al., Respondents. [664 NYS2d 622] —Proceeding pursuant to CPLR article 78 in the nature of mandamus to require the respondents to grant the petitioner's request for a hearing before the full Grievance Committee of the Tenth Judicial District to review its determination to issue a letter of caution.

Adjudged that the petition is denied and the proceeding is dismissed, with costs.

The respondent Grievance Committee of the Tenth Judicial District (hereinafter the Committee) issued a letter of caution to the petitioner, an attorney, advising him that his involvement in a certain business enterprise constituted the practice of law with a nonlawyer, and that his failure to cease such activity could subject him to disciplinary action. The petitioner requested a hearing before the full Committee pursuant to Rules of the Appellate Division, Second Department (22 NYCRR) § 691.6 (a) to review the letter of caution. The Committee granted his request to the extent of granting him a hearing before a three-member subcommittee, which would then report to the full Committee. The petitioner commenced this proceeding in the Supreme Court in which he contends, *inter alia*, that he is entitled to a hearing before the full Committee under Rules of the Appellate Division, Second Department (22 NYCRR) § 691.6 (a) and that the failure to provide him with such a hearing deprived him of due process of law.

Initially, we agree with the petitioner that the Supreme Court erred in transferring the proceeding to this Court. A CPLR article 78 proceeding should be commenced in the Supreme Court unless a statute provides otherwise (*see, Matter of Reitman v Sobol,* 225 AD2d 823). Although Judiciary Law § 90 gives the Appellate Divisions exclusive authority to determine what constitutes attorney misconduct (*see, Erie County Water Auth. v Western N. Y. Water Co.,* 304 NY 342, 346, *cert denied* 344 US 892; *Matter of Kuriakose v Evans,* 206 AD2d 481), the petitioner here is not seeking review of the merits of the letter of caution. Rather, the petitioner's claim is in the nature of a writ of mandamus to compel the Committee to comply with a procedural rule. The Supreme Court has subject matter jurisdiction to consider such a claim (*see, Taub v Committee on Professional Stds. for Third Judicial Dept.,* 200 AD2d 74; *Matter of Lader v Finnerty,* 172 Misc 2d 299; *see also,*

*Matter of Axelrod v Sobol,* 180 AD2d 905; *cf., Matter of Anonymous v Grievance Comm. for Second & Eleventh Judicial Dists.,* 136 AD2d 344). Furthermore, the Supreme Court erred in determining that it was precluded from exercising its jurisdiction merely because a rule of this Court was at issue. The Supreme Court should have decided the instant proceeding on the merits. In the interest of judicial economy, however, this Court will resolve the matter (*see,* CPLR 7804 [g]).

Mandamus does not lie to compel an act which involves the exercise of judgment or discretion, but only to compel the performance of a ministerial duty, and then only when there exists a clear legal right to the relief sought (*see, Matter of Brusco v Braun,* 84 NY2d 674, 679). Contrary to the petitioner's contention, we conclude that the Committee is not required by Rules of the Appellate Division, Second Department (22 NYCRR) § 691.6 (a) to grant his request for a hearing before the full Committee. Instead, it has the discretion to appoint a subcommittee to conduct a hearing to review a letter of caution This interpretation is consistent with Rules of the Appellate Division, Second Department (22 NYCRR) § 691.4 (d), which gives the Committee the authority to appoint subcommittees for the purpose of conducting hearings "as hereinafter authorized". Moreover, the petitioner's contention that the denial of his request for a hearing before the full Committee deprived him of due process is without merit, as he clearly received notice of the nature of the complaint against him and was granted a hearing at which he could appear and present witnesses (*see, e.g., Matter of Jagiela,* 217 AD2d 104, 107; *see generally, Mildner v Gulotta,* 405 F Supp 182, *affd* 425 US 901).

We have considered the petitioner's remaining contentions and find them to be without merit. Since the petitioner has failed to demonstrate a clear legal right to the relief sought, the petition is dismissed. O'Brien, J. P., Thompson, Sullivan and McGinity, JJ., concur.