■ In the Matter of MURRAY H. SHULMAN, Appellant, v THOMAS J. CAHILL, Respondent. [777 NYS2d 631]—

Order, Supreme Court, New York County (Kibbie F. Payne, J.), entered April 16, 2003, which dismissed the petition brought pursuant to CPLR article 78 to annul determinations of respondent finding that certain disciplinary complaints filed by petitioner did not merit further investigation, unanimously affirmed, without costs.

Supreme Court was without jurisdiction to review disciplinary dispositions of the Departmental Disciplinary Committee, such jurisdiction having been vested exclusively in the Appellate Division (*see Erie County Water Auth. v Western N.Y. Water Co.*, 304 NY 342 [1952], *cert denied* 344 US 892 [1952]; *Matter of Anonymous v Grievance Comm. of State of N.Y., 10th Jud. Dist.*, 244 AD2d 549 [1997], *lv denied* 91 NY2d 808 [1998]; Judiciary Law § 90). In any event, mandamus does not lie to compel the Disciplinary Committee to investigate particular complaints, since the determination whether to investigate a complaint entails the Committee's exercise of discretion (*see Sassower v Commission on Jud. Conduct*, 289 AD2d 119 [2001], *lv denied* 99 NY2d 504 [2002]). Were petitioner's arguments properly before us on this appeal, we would reject them. Concur— Nardelli, J.P., Saxe, Williams and Friedman, JJ.