[986 NYS2d 47]

In the Matter of WAYNE S. COOK (Admitted as WAYNE SCOTT COOK, JR.), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 8, 2014

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Hinshaw & Culbertson LLP* (*Hal R. Lieberman* of counsel) for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Wayne S. Cook was admitted to the practice of law in New York by the Second Judicial Department on March 3, 1999 under the name Wayne Scott Cook, Jr. At all times relevant herein respondent has maintained an office for the practice of law within the First Judicial Department.

This disciplinary matter arises out of respondent's admitted misconduct with respect to a client's claim to recover payment on two promissory notes for amounts totaling $120,000. As a fourth-year associate at his firm, respondent was assigned the case in November 2003, but he thereafter misplaced the promissory notes. Rather than disclosing that fact, respondent made repeated misrepresentations to both the clients and the firm, to create the false impression that he was prosecuting the action when he was not. He fabricated documents to falsely claim that he had commenced the action, and, later, that he had obtained a default judgment and was attempting its enforcement. Only after respondent left the firm in October 2005 did he locate the promissory notes, at which time the firm and the clients were notified. However, the claim was ultimately dismissed on statute of limitations grounds. The clients' claim was paid by the firm's malpractice insurance carrier, with the firm responsible for its $10,000 deductible. There is no indication in the record that respondent contributed any funds to the settlement, or to repay his former firm.

In 2013, the Departmental Disciplinary Committee brought six charges against respondent, for violations of: Code of Professional Responsibility DR 9-102 (c) (2) (22 NYCRR 1200.46 [c] [2] [failure to safeguard client property]), DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4] [conduct involving dishonesty, fraud,

deceit, or misrepresentation]) (three counts), DR 7-101 (a) (2) (22 NYCRR 1200.32 [a] [2] [failure to carry out a contract with a client for professional services]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7] [conduct adversely reflecting on his fitness as a lawyer]). Respondent admitted the material facts as alleged, and only disputed charge five, failure to carry out a contract with a client for professional services, arguing that he intended to carry out the contract.

The Referee sustained all six charges and recommended a three-month suspension. The Hearing Panel affirmed the Referee's findings as to charges one through four and six, but disaffirmed the finding that respondent violated DR 7-101 (a) (2) (22 NYCRR 1200.32 [a] [2]). It, too, recommended a three-month suspension.

The Committee now seeks an order confirming the Hearing Panel's findings insofar as it sustained charges one through four and six, disaffirming the Hearing Panel's dismissal of charge five, and imposing an appropriate sanction. The Committee's petition is granted, the Hearing Panel's findings are confirmed as to charges one through four and six, and disaffirmed as to charge five. The stipulated facts fully support all six charges; respondent's affirmative decision not to do the necessary work on the clients' case constituted intentional conduct sufficient to sustain a violation of DR 7-101 (a) (2) (*see Matter of Weiner*, 10 AD3d 92 [1st Dept 2004]; *Matter of Scharf*, 213 AD2d 119, 126 [1st Dept 1995]).

On the matter of sanctions, a period of suspension is appropriate where an attorney makes misrepresentations to a client and his firm to conceal a failure to prosecute an action on the client's behalf (*see e.g. Matter of Weisel*, 108 AD3d 39 [1st Dept 2013]; *Matter of Samuely*, 80 AD3d 163 [1st Dept 2010]; *Matter of Rosenkrantz*, 305 AD2d 13 [1st Dept 2003]; *Matter of Solarsh*, 205 AD2d 73 [1st Dept 1994]). We agree with the Hearing Panel that a public censure would be insufficient, given the extraordinary amount of deception engaged in for a protracted period of time, both to his clients and his firm, in order to avoid the detection of his error.

However, we also agree with the Panel that significant mitigating factors are presented here: respondent had no prior disciplinary history, and both before and since that time he has enjoyed a reputation for competence at his legal work. Two partners of respondent's at his current firm testified to the aberrational nature of his misconduct, and to his honesty,

trustworthiness and reliability. Also, importantly, he was experiencing extraordinary pressures during that time period, relating to the health and well-being of his family. His then three-year-old son was being evaluated, and was ultimately diagnosed with autism; his pregnant wife learned that she carried the gene for cystic fibrosis. He had to refinance his home to cover the expenses associated with his son's condition and his wife's pregnancy complications. On balance, we agree with the Referee and the Hearing Panel that a three-month suspension is the appropriate sanction here.

Accordingly, the Committee's petition is granted and respondent should be suspended from the practice of law for a period of three months, effective 30 days from the date of this order.

GONZALEZ, P.J., MAZZARELLI, FRIEDMAN, ANDRIAS and SAXE, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of three months, effective 30 days from the date hereof and until further order of this Court.