Matter of Salis v Zolin (2025 NY Slip Op 05907)

Matter of Salis v Zolin

2025 NY Slip Op 05907

Decided on October 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025

Before: Moulton, J.P., Scarpulla, González, Michael, JJ. 

Index No. 156523/24|Appeal No. 5013|Case No. 2025-00309|

[*1]In the Matter of Owolabi Salis, Petitioner-Appellant,
v
Donald Zolin et al., Respondents-Respondents.

Owolabi Salis, appellant pro se.
Letitia James, Attorney General, New York (David Lawrence III of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about December 17, 2024, denying the petition to vacate the order of this Court granting the motion by the Attorney Grievance Committee for the First Judicial Department (AGC) to confirm the findings of fact and conclusions of law of respondent Donald Zolin (Zolin), and Zolin's recommendation that petitioner be disbarred, and to compel respondents Zolin, Dopico, and Doyle to expunge the hearing record and Referee's disposition from petitioner's disciplinary record and to reinstate his law license, and dismissing this proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner commenced this proceeding against, among others, Dopico, the AGC chief attorney, Doyle, the prosecuting staff attorney, and Zolin, the Referee appointed by this Court to hold a hearing on the disciplinary charges leveled against petitioner by the AGC, after petitioner's efforts to appeal this Court's order confirming Zolin's recommendation that he be disbarred were unavailing (see Matter of Salis, 212 AD3d 7 [1st Dept 2022], appeal dismissed and lv denied 40 NY3d 965 [2023], rearg denied 40 NY3d 1079 [2023], cert denied — US &mdash, 144 S Ct 1099 [2024]). However, the disciplinary proceeding was a "special proceeding[] within the meaning of CPLR Article 4" (22 NYCRR 1240.8[a][1]), and such a proceeding constitutes a "civil action" within which determinations may not be challenged under Article 78 (CPLR 7801[2]; see also CPLR 105[b] ["The word 'action' includes a special proceeding" under the CPLR]).
Supreme Court properly recognized that it lacked jurisdiction to review the disposition of the disciplinary proceeding, since "such jurisdiction ha[s] been vested exclusively in the Appellate Division" by Judiciary Law § 90(2) (Matter of Shulman v Cahill, 8 AD3d 26, 27 [1st Dept 2004], lv denied 4 NY3d 738 [2004]; see also Erie County Water Auth. v Western N.Y. Water Co., 304 NY 342, 346 [1952]).
We note that the respondents named in this proceeding, other than Zolin, Dopico and Doyle, played no role in the final determination challenged by petitioner, and possess no authority over attorney admissions and discipline (see Matter of Town of Mount Pleasant v Loomis, 218 AD3d 779, 779 [2d Dept 2023]; Matter of Hyman v New York State Div. of Parole, 22 AD3d 224, 224 [1st Dept 2005]).Further, we reject petitioner's contention that the nonappearing respondents were properly served by
registered mail (see generally CPLR article 3).
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 23, 2025